JONES vs. HOPPIE.

1. A person specially appointed constable, under the 20th section, 2nd article of the act to establish justices' courts, and to regulate proceedings therein, R. Code, 1835, is to be regarded as a deputy of the proper constable, as to the lien of executions in the hands of the proper constable.

2. As to the form of a final judgment, see Lisle vs. Rhea.

ERROR to Lafayette Circuit Court.

Tompkins, J., delivered the opinion of the court.

This was an action of trespass, brought by Jones in the circuit court of Lafayette county, against Jacob D. Hoppie. The circuit court having decided against Jones, he appealed to this court.

On the trial of the cause, the following agreed case was made, viz: It was agreed that on the 4th day of February, in the year 1842, one George E. Taylor, and one Robert B. Bradford, procured a warrant to be issued by Eldridge Burden, a justice of the peace for Lexington township, in said county, against one John H. Wilson; and that on the same day, the said Wilson was brought before the justice of the peace, judgment given against him in favor of said plaintiffs, and execution issued and delivered to the constable on the said fourth day of February, 1842. This constable was Jones the plaintiff, in this action, who was made constable for this special purpose, at the risk and request of the above named plaintiffs, Taylor and Bradford, under the 20th section of the second article of the act to establish justices' courts and to regulate proceedings therein, p. 362, of the Digest of 1835.

The evidence on the part of the defendant Hoppie was, that on the 24th day of January, 1842, several judgments were obtained before another justice of the peace of the same township and county, by four several plaintiffs against the said John H. Wilson, and that on the 26th day of January aforesaid, executions were issued on said last mentioned judgments, and placed in the hands of Hoppie, the defendant, for collection; and it is further agreed that the said Hoppie was the regular constable of said Lexington township. It was further agreed, that said Jones, the plaintiff, on the fourth day of February, 1842, levied the execution, to him delivered, as aforesaid, on the property in the declaration demanded, and that on the said fourth day of February, 1842, after Jones had made his levy, Hoppie, the constable of the said township,

levied on the same property in the hands of Jones, and sold it under the executions to him delivered as aforesaid.

The question to be decided is, to whom did the property belong, whether to Jones, made constable for that special purpose, or to Hoppie, the regular constable?

The counsel for the plaintiff contends, that this is a case of diligence, in which one officer by his superior diligence has got the advantage of another, and that our statute on the subject of liens, does not mean to give such a lien, as to bar a junior execution in the hands of another and distinct officer, from being executed.

The act of the 13th February, 1839, to which he refers as the law on the subject of liens, is an act to amend an' act to regulate executions, approved March 20th, 1825.

A justice of the peace is, as aforesaid, authorized by the 20th section of the 2d article of the act to establish justices' courts, &c., upon being satisfied that process issued by him will not be executed for want of an officer to be had in time to execute the same, to empower any suitable person not being a party to the suit, to execute the same, by an endorsement upon such process to the following effect: "At the risk and request of the plaintiff, I authorize ———— to execute and return this writ," page 352 of the Digest.

It could not be supposed, that the Legislature intended this special delegation of power to be made for the purpose of taking an undue advantage of the township constable. By the evidence agreed to be correct, it appears that these elder executions had been lying in the hands of the constable Hoppie, only nine days, when on the 4th day of February, Wilson the defendant in all the executions above mentioned, is brought before the justice on a warrant, and on the same day, judgment rendered against him, execution issued thereon, and immediately put into the hands of Jones, and levied on the property to which this claim is set up; and all this is done too, before Hoppie with the elder executions in his hands, could arrive on the spot. It does not seem that the case had occurred which the statute contemplates, of the want of an officer to execute the process in time, the regular constable being at hand, and contending with this specially delegated officer for the first possession of the property. We are disposed to regard this officer, specially appointed to serve a particular process, rather in the light of a deputy to the township constable, so much so, at all events, that he shall gain no advantage over the true constable, by taking a prior possession of property in the constable's township. Jones' possession, therefore, of the property levied on, is to be regarded as the possession

of Hoppie, and this last acted correctly in selling it, and appropriating the proceeds to the satisfaction of the elder executions. With these observations, that Hoppie according to the testimony agreed in this case, acted correctly, the cause will be dismissed, there being no final judgment entered against the plaintiff.

The entry is, "The cause is submitted by consent of parties to the court, and mature deliberation being thereupon had, this court doth find the issue for the defendant. It is therefore considered by the court, that the said defendant recover against the plaintiff, his costs, &c. and have thereof execution." It should have been thus: "It is therefore considered by the court, that said plaintiff take nothing by his writ, &c. and that the said defendant go hence without day, &c.; and it is further considered by the court, that the said defendant do recover against the said plaintiff his costs and charges, &c." See the case Lisle vs. Rhea, decided at this term.

This case is dismissed at the plaintiff's costs.