H. R. SWEET, ADMINISTRATOR OF R. R. JONES, DECEASED, Plaintiff in Error, v. C. L. JEFFRIES et al., Defendants in Error.

48 279
57a 283

1. *Sureties — Note — Payment of by principal — Subrogation.* — The sureties of a sheriff who were compelled to pay over to certain heirs the amount due them by him on the sale of the lands in partition, may be joined with the sheriff's administrator as plaintiffs in suit on the note given for the purchase of the land. Having under compulsion paid the beneficiaries of the note the sum due them, the sureties were entitled to succeed to their rights, and payment of the amount due should be made to the sureties.

2. *Practice, civil — Pleadings — Payments made after pleadings made up — Testimony touching, improper.* — The admission of testimony showing payments made on a debt sued for after the pleadings are made up is clearly erroneous. After-occurrences are not in issue and not open to investigation.

*Error to First District Court.*

*Lay & Belch*, for plaintiff in error.

The court did not err in permitting Breckenridge, Whitson and Maupin to become parties. They had an interest in the result of the suit. Their petition supplemental shows that they asked and obtained permission to be made parties, and certainly their petition shows interest. This practice is allowed by the statute. (Wagn. Stat. 1034, §§ 3, 4; 42 Mo. 101; 2 Head, 289; 29 Mo. 429; 27 Mo. 227; 3 Conn. 537; 3 Barb. Ch. 625.) It is allowable, by long practice founded on policy in preventing a multiplicity of suits, and in order that complete justice may be done, and is a great convenience to the courts. (Barb. Parties, 326; 4 Pet. 190; 3 Cow. 537; 19 Ill. 320; 10 Iowa, 201.)

*T. W. B. Crews* and *H. Flanagan*, for defendants in error.

The District Court committed no error in reversing the judgment of the Circuit Court. The evidence of the plaintiffs showed that they had no interest in the event of the suit at the time the amended petition was filed. The alleged payments made by Maupin were, according to plaintiff's testimony, made four months after the amended petition was filed. The petition was filed in April, and the payments made in the month of August following.

CURRIER, Judge, delivered the opinion of the court.

This action is founded upon a note drawn by the defendant and made payable to Richard R. Jones as sheriff of Franklin county, for the benefit of certain heirs of one Young, the names of such heirs being unknown at the time the note was executed. Jones was sheriff of Franklin county, and, as such, sold certain premises in a proceeding for partition, the defendant Jeffries becoming the purchaser. Jeffries and the other defendant gave the note in suit for the purchase money, payable to Jones as sheriff, as above stated. Jones having deceased, this suit is prosecuted by his administrator.

In the progress of the case an amended petition was filed, bringing upon the record additional parties plaintiff — namely, Breckenridge, Whitson and Maupin — who were sureties on Jones' official bond as sheriff, and who claim to have paid off the amount due the Young heirs under the partition sale. They aver in the amended petition that they were sued as sureties upon Jones' bond, and compelled to pay, and that they did pay, the amount due said heirs under said sale, answering to the amount due upon the note in suit, judgment having first been rendered against them for that sum in the suit upon the bond, as the plaintiffs aver. It is then alleged that, by reason of the premises, Breckenridge, Whitson and Maupin are entitled to the benefits of the note in suit; and judgment is asked thereon in their favor accordingly, as also for general relief.

Young's heirs were the beneficiaries of the note, Jones being a trustee for their benefit. If his sureties under compulsion have paid the beneficiaries the amount due them, why ought not the sureties to succeed to the position and rights of the beneficiaries in respect to the note? Jones' representative makes no objection, and it can make no difference to the makers of the note what particular party gets the benefit of it—whether the original payee, the original beneficiaries, or the parties who have been compelled to pay these beneficiaries the amount due them. It is just and equitable, under the circumstances stated, that the sureties should have the benefit of the note, and that payment of the balance due should be made to them. (See 1 Sto. Eq., § 499 *et seq.*) To that end it was proper to admit them as parties to the record, for the purpose of being subrogated to the rights originally vested in Young's heirs, in case it should appear that the claim of these heirs had been satisfied by the sureties, as alleged in the amended petition. This allegation of the petition, among others, was replied to and denied.

At the trial there was no attempt to show any payment on the part of the sureties prior to the filing of their petition. The court, however, notwithstanding the defendant's objections, admitted evidence, such as it was, tending to show that the alleged payment was made some months after the amended petition was

filed, and only a few days prior to the trial of the cause. This action on the part of the court, as it seems to me, was clearly erroneous ; the parties were bound to stand upon the facts existing at 'the time the issues were made up, and as alleged in the pleadings'. After-occurrences were not in issue and consequently not open to investigation. This view of the subject is not in conflict with Morrow v. Bright, 20 Mo. 298. That case turned upon a different point.

I think the judgment of the District Court reversing that of Circuit Court should be affirmed, and that the order of the District Court dismissing the sureties from the case should be set aside and held for naught, and the cause remanded for further proceedings in the Circuit Court. With the concurrence of the other judges it will be so ordered. On proper application and upon suitable terms, the Circuit Court should grant leave to Breckenridge and the other co-sureties to amend their petition, so that the facts may be alleged as they are now claimed to exist. The other judges concur.