## THE BENEVOLENT ASSOCIATION OF THE PAID FIRE DEPARTMENT

### v.

### JOHN A. FARWELL.

APPEALS—ONLY FROM FINAL ORDERS, ETC.—To a petition for mandamus the defendant filed a demurrer which was sustained, and an exception taken to the ruling of the court thereon. The record shows that an appeal was prayed and granted, but does not show that the plaintiff elected to abide by

his petition, or that any final judgment was rendered. *Held*, that the appeal would not lie. A joinder in error by appellee gives jurisdiction of the person only, but not of the subject matter.

Appeal from the Circuit Court of Cook county; the Hon. John G. Rogers, Judge, presiding. Opinion filed March 2, 1880.

Mr. Egbert Jamieson, for appellant.

Bailey, P. J. This was a petition for a mandamus to compel the comptroller of the city of Chicago to pay over to the petitioner certain funds derived from the percentage of premiums required by law to be paid into the treasury of said city by the agents of foreign insurance companies. A demurrer to the petition having been overruled, and the defendant electing to abide by his demurrer, judgment was entered for a peremptory writ of mandamus. On appeal to this court, said judgment was reversed, and the cause remanded for further proceedings. The principles upon which our decision was based were fully stated in an opinion filed at the time said judgment of reversal was entered. Farwell v. Benevolent Ass'n Paid Fire Dep't, 4 Bradwell, 36.

The cause being reinstated in the court below, said demurrer was reconsidered and sustained. The record shows an exception to the order sustaining the demurrer, and that an appeal to this court was thereupon prayed and granted. It does not appear, however, that the petitioner elected to abide by his petition, or that any final judgment was rendered. The order sustaining the demurrer was a mere interlocutory order, and was not a final disposition of the suit, and no appeal therefrom lies to this court.

The eighth section of the act providing for the organization of Appellate Courts, and also the sixty-seventh section of the Practice Act, as amended in 1877, confer upon this court jurisdiction only of appeals and writs of error from *final* judgments, orders and decrees of the Circuit Court, and no authority is given for entertaining appeals from mere interlocutory orders. Under a statute in substantially the same terms, in force prior

to the organization of this court, providing for appeals from the Circuit to the Supreme Court, it was repeatedly decided that an appeal or writ of error would not lie from a decision of the Circuit Court, unless it was the final judgment in the cause. R. & M. R. R. Co. v. Farmers' Loan & Trust Co. 70 Ill. 249; Gage v. Eich et al. 56 Id. 297; Gage v. Chapman et al. Id. 311; Gage v. Rohrbach, Id. 262; Woodside v. Woodside, 21 Id. 207; Phelps v. Fickes et al. 63 Id. 201; Walker v. Oliver, Id. 199; Fleece v. Russell et al. 13 Id. 31; Hayes v. Caldwell et al. 5 Gilm. 33; Pentecost et al. v. Magehee, 4 Scam. 326.

There having, then, been no final judgment in the cause, the appeal was improvidently awarded, and for that reason must be dismissed. The fact that the appellee has appeared and joined in the error can make no difference. The joinder in error gives jurisdiction of the person, but not of the subject. matter. Woodside v. Woodside, *supra*.

Appeal dismissed.