THE STATE TO USE OF T. C. LOVE, Appellant, v. JOHN NEWTON ET AL., Respondents.

St. Louis Court of Appeals, May 3, 1887.

APPEALS—FINAL JUDGMENT—APPELLATE PRACTICE.—An appeal will not lie from a judgment for costs merely, without an entry showing a final disposition of the cause.

APPEAL from the Laclede County Circuit Court, W. J. WALLACE, Judge.

*Appeal dismissed.*

GOODE & CRAVENS, for the appellant.

JOHN O'DAY and E. D. KENNA, for the respondents.

THOMPSON, J., delivered the opinion of the court.

This appeal is prosecuted from a judgment sustaining a demurrer to the plaintiff's petition. A motion is made to dismiss the appeal on the ground that a final judgment has not been rendered in the cause, from which an appeal will lie. The entry of judgment, after the title of the cause, reads as follows: "Now, at this day, comes on to be heard the demurrer heretofore filed in this cause. Said demurrer is by the court sustained. It is, therefore, considered, ordered, and adjudged by the court, that the defendants have judgment for their costs in this suit laid out and expended, and that execution issue therefor." It is perceived that no final judgment has been rendered in this cause, but a judgment for costs merely, from which an appeal or writ of error does not lie. *Boggess v. Cox*, 48 Mo. 278; *Crockett v. Lewis*, 66 Mo. 671; *Moran v. Plankington*, 53 Mo. 243; *Moody v. Deutsch*, 85 Mo. 237, 244; *Evans v. Russell*, 61 Mo. 37; see, also, *Schmidt v. Halle*, 15 Mo. App. 36,

38; *Bobb v. Graham*, 15 Mo. App. 289, 295; *Flesh v. Christopher*, 9 Mo. App. 573; s. c., 11 Mo. App. 483, 488. The entry omits the essential words in a final judgment in such case, namely, that the plaintiff take nothing by his writ, and that the defendant go hence without day, and contains no equivalent expression. If it had said "that the defendant go hence and that he recover his costs," as in *Rogers v. Gosnell* (51 Mo. 466), or even that "this cause be dismissed, and that the defendants recover of the plaintiff all costs accrued herein," as in *Moody v. Deutsch* (85 Mo. 237, 244), it would, it seems, have been sufficient; as the courts are not disposed to countenance strained objections of this kind, but, as held in the last cited case, will hold the entry sufficient, "when it appears intended by some competent tribunal as the determination of the rights of the parties to an action, and shows, in intelligible language, the relief granted."

Because there is no final judgment in the case, from which an appeal will lie, it is ordered that this appeal be dismissed. Judge Rombauer concurs. Judge Lewis. is absent.