WILLIAM SPERLING et al., Respondents v. WILLIAM
STUBBLEFIELD, Appellant.

**St. Louis Court of Appeals, February 27, 1900.**

1. **Appeal: VERDICT: RECORD FAILS TO SHOW THE ENTRY OF
   JUDGMENT.** The record shows that the jury returned a verdict
   for plaintiff, but does not show any entry of judgment thereon;
   there being no entry of judgment, no appeal could be taken.

2. ———: ———: ———: **BILL OF EXCEPTIONS SHOWING
   JUDGMENT, NOT SUFFICIENT.** It is not sufficient that the bill
   of exceptions recites that a judgment was rendered, the judgment is
   a part of the record, and must appear therein.

Appeal from the Stoddard Circuit Court.—*Hon. John
Guthrie Wear,* Judge.

CAUSE STRICKEN FROM THE DOCKET.

*J. W. Limbaugh* for respondents.

It does not appear from either the transcript or appellant's abstract that any judgment has been had or entered in this cause in the trial court. Until judgment is had in the lower court, there is nothing before this court, either to affirm or reverse; the appeal is premature and respondent moves that the same be dismissed. 1 R. S. 1889, p. 579, sec. 2246, as amended by Session Acts of 1891, p. 70; and Session Acts 1895, p. 91; Wood v. County Court, 28 Mo. 119; Silvey v. Sumner, 51 Mo. 199; Dale v. Copple, 53 Mo. 321; Dale v. Wright, 57 Mo. 110; Conover v. Baldwin, 58 Mo. 508; Pratt v. Perry, 59 Mo. 597; In the matter of Spencer, 61 Mo. 375; Price v. Brown, 63 Mo. 347; State v. Wymer, 79 Mo. 277; Holloway v. Holloway, 97 Mo. 628, on 639; Buller v. Linzee, 100 Mo. 95; Macke v. Byrd, 109 Mo. 487.

And it is the duty of this court to dismiss the appeal, though
it may be recited in the bill of exceptions that judgment was
rendered. In the matter of Spencer, 61 Mo. 375.

*Marsh Arnold* for appellant.

(1) As respondent insists that the contract between plain-
tiffs and Uhde was a lease, then the surrender of the lease
must be unequivocal. Kerr v. Simmons, 8 Mo. App. 431;
Mathews v. Tobener, 39 Mo. 115. (2) But this is personal
property, and both before and after the so-called "turning
back" of the mill to plaintiffs by Uhde, it was both in the
possession of Uhde, and under his control. Such "turning
back" must be open, notorious and unequivocal, so that the
public would not be misled thereby. State ex rel. v. Hall,
45 Mo. App. 298; Huggins v. Ellis, 45 Mo. App. 585; State
v. Durant, 53 Mo. App. 493. (3) This tenancy, if any at all,
rests not in privity of estate but in privity of contract, and it
requires much stronger evidence of a surrender in the latter
than in the former case. Jones v. Barnes, 45 Mo. App. 590;
Prentisse v. Warne, 10 Mo. 601; Kerr v. Clark, 19 Mo. 132;
Livermore v. Eddy, 33 Mo. 547. (4) But, I think, this case
was tried upon a wrong theory. The contract between plain-
tiffs, and Uhde is not a lease, but a conditional bill of sale,
and being unrecorded, is void as to *bona fide* purchasers and
creditors. Cloth Co. v. Brothers, 61 Mo. App. 381; Peters
v. Featherstone, 61 Mo. App. 466; Oester v. Sitlington, 115
Mo. 247. And the fact that the parties thereto called it
therein a lease does not make it one. Railroad v. Railroad,
135 Mo. 173. (5) On failure of proof, or where all the evi-
dence fails to show a legal right of recovery, a judgment in
favor of a party, upon whom rests the burden of proof, will be
reversed and remanded. McAllister v. Williams, 23 Mo.
App. 286; Pollock v. Hanauer, 26 Mo. App. 261; Blackwell

v. Adams, 28 Mo. App. 61; Cohn v. Kansas City, 108 Mo. 387.

BIGGS, J.—This is an action for the conversion of personal property. The jury returned a verdict for plaintiff, but the record fails to show that a judgment was entered on the verdict. There being no judgment, there could be no appeal. Silvey v. Sumner, 51 Mo. 199; Dale v. Copple, 53 Mo. 321. It is not sufficient that the bill of exceptions recites that a judgment was rendered. The judgment must appear in the record. In re Spencer, 61 Mo. 375. The cause will be stricken from the docket. All concur.