## LYONS & REESMAN, Appellants, v. WILLIAM A. ROLLINSON, Respondent.

### Kansas City Court of Appeals, June 20, 1904.

APPELLATE PRACTICE: Final Judgment: Dismissal of Appeal. A judgment failing to settle the rights of the parties or even discharge the jury or adjudge the costs is not final and no appeal will lie therefrom.

Appeal from Macon Circuit Court.—*Hon. Nat. M. Shelton*, Judge.

APPEAL DISMISSED.

*Joseph Park, Austin E. Park* and *T. E. Francis* for appellants.

Respondent's point is not well taken. His authorities have no application to an involuntary nonsuit, upon which final judgment can not be entered. The

very purpose of an involuntary nonsuit is to preclude a final judgment. Chouteau v. Rowse, 90 Mo. 191; Roeder v. Shryock, 61 Mo. App. 485.

*Robert W. Barrow* and *Guthrie & Franklin* for respondent.

There was no final judgment rendered in the case and no appeal can lie. Sperling v. Stubblefield, 83 Mo. App. 266; Silvey v. Sumner, 51 Mo. 199; Dale v. Copple, 53 Mo. 321; In re Spencer, 61. Mo. 375; Price v. Brown, 63 Mo. 347; State v. Wymer, 79 Mo. 277; R. S. 1899, sec. 806; Young v. Young, 165 Mo. 624.

SMITH, P. J.—This is an action which was brought by plaintiffs—real estate brokers—to recover of the defendant—a landowner—$1,042.85 commission alleged in the petition of the former to be due and owing them by the latter under the terms and conditions of a certain contract. The record discloses that there was a trial to a jury of the issues made by the pleadings and that *"at the conclusion of the plaintiffs' evidence the defendant filed a demurrer thereto which was by the court sustained, and, thereupon, the plaintiffs took a nonsuit with leave to move to set the same aside, to which judgment the plaintiffs at the time excepted."* The record further discloses that later on the plaintiffs filed a motion to set aside the involuntary nonsuit and for a new trial, which was by the court overruled, and to which ruling of the court plaintiffs excepted.

The defendant insists that the record entry just referred to was not a final judgment, and, therefore, an appeal does not lie from it. An appeal lies only from a final judgment in a cause, except in the few cases mentioned in section 806, Revised Statutes. Sperling v. Stubblefield, 83 Mo. App. 266; Silvey v. Sumner, 51 Mo. 199; Dale v. Copple, 53 Mo. 321; In re

Spencer, 61 Mo. 375; Price v. Brown, 63 Mo. 347; State v. Wymer, 79 Mo. 277; Young v. Young, 165 Mo. 624. The decisive question, therefore, is whether or not the said entry is a final judgment; for, if it is not, the appeal must be dismissed.

In Palmer v. Crane, 8 Mo. 619, it was declared that a final judgment on a demurrer should be thus entered: "Therefore, it is considered, that plaintiff take nothing by his writ, etc., and that defendant go thereof without day, etc." 1 Saunders 198. In Sweet v. Jeffries, 48 Mo. 279, the plaintiffs at the trial offered a deed in evidence which was excluded, and, thereupon, they took a nonsuit with leave to set aside; and that motion being overruled, they excepted and judgment was given against them for costs, which was the only judgment given in the cause; and, in the course of the opinion disposing of the appeal, it was said that "where a non-suit is taken in order to justify an appeal or writ of error, the judgment should be formally set out in this wise: 'that it is by the court therefore considered and adjudged that the plaintiff take nothing by this writ and that defendant go thereof without day, and recover of the plaintiff his costs,' etc." In Moran v. Plankinton, 53 Mo. 243, it was held that a final judgment in favor of defendant should conclude in this way: "It is therefore considered by the court that plaintiff take nothing by his writ and that defendant be discharged and go hence without delay and have and recover of and from said plaintiff his costs in this behalf expended and have hereof execution." In the preceding case, as well as in those of Evans v. Russell, 61 Mo. 37; State v. Newton, 26 Mo. App. 11, and Crockett v. Lewis, 66 Mo. 671, it was held that a judgment against the plaintiff for costs and that he have thereof execution was not a final judgment from which an appeal or writ of error would lie.

In Rogers v. Gosnell, 51 Mo. 466, where a nonsuit was taken with leave, a judgment to the effect "that

defendant *go hence* and recover his costs, etc,'' was
held, in substance, a good final judgment, since it
seemed that the defendant was discharged from the
action and it would be difficult to take any further
steps without reversing the judgment.   In Moody v.
Deutsch, 85 Mo. 1. c. 244, the judgment appealed from
was that ''it is therefore ordered and adjudged by the
court that this cause be *dismissed* and that the defend-
ant recover of plaintiff all costs herein accrued and
have thereof execution.''   In the opinion in the case,
it is said that a judgment will be held sufficient when
it appears to have been intended by some competent
tribunal as the determination of the rights of the par-
ties to an action and shows in intelligible language the
relief granted, and accordingly it was held that, while
the judgment just quoted was not in the exact form of
that as required by Boggess v. Cox, 48 Mo. 278, it was
sufficient.   And a similar ruling was made by us in
Trumbo v. Flournoy, 77 Mo. App. 324, and in Farley
Bros. v. Cammann, 43 Mo. App. 168.

Kautsch v. Droste, 82 Mo. App. 412, was where
the defendant interposed a demurrer to the petition,
which was sustained.   The order of the court was: ''It
is ordered and adjudged that said demurrer be sus-
tained and that plaintiff be denied a judgment enforc-
ing specific performance of the contract  .  .  .  and
that plaintiff elected to stand on said demurrer and re-
fusing to further answer the said petition  .  .  . to
which action of the court sustaining the demurrer
plaintiff duly excepted.''   In disposing of the appeal
in the cause, we said:  ''It will be seen from the re-
citals therein that the plaintiff did not stand on the
demurrer and permit the court to dismiss the petition
and discharge the defendant.   The action of the court
sustaining the demurrer according to the well-estab-
lished precedents was not a final judgment.''

The entry of the supposed judgment in the present
case omits the essential words required in a final judg-

ment in such a case: that is to say, that the *plaintiff take nothing by his writ and that defendant go hence without day* and contains no equivalent expression. If it had recited "that defendant go hence and that he recover his costs," as in Rogers v. Gosnell, 51 Mo. 466, or even that, "this cause be dismissed and that defendant recover of plaintiff all the costs accrued herein" as in Moody v. Deutsch, 85 Mo. 237, it would probably have been sufficient. It does not even discharge the jury that had been impaneled to try the cause, or adjudge the costs. It does not appear that any determination of the rights of the parties to the action was intended by it, but, on the contrary, that a further entry was contemplated to accomplish that.

For want of a final judgment, the appeal in the cause must be dismissed. All concur.