STATE ex rel. v. WEALAKA M. & M. COMPANY, Appellant, v. TURNER et al., Respondent.

St. Louis Court of Appeals, May 16, 1905.

1. **APPELLATE PRACTICE: Judgment.** Under section 806, Revised Statutes of 1899, in an action where no judgment was entered upon a verdict rendered therein, no appeal will lie.

2. ———: **Exceptions: Motion for New Trial.** Exceptions to instructions given on a trial can not be reviewed in the appellate court, unless called to the attention of the trial court in a motion for new trial.

Appeal from Wayne Circuit Court.—*Hon. Frank R. Dearing,* Judge.

APPEAL DISMISSED.

*John H. Raney* for appellant.

*R. H. Davis* and *S. R. Durham* for respondents.

NORTONI, J.—This case was tried to a jury in the circuit court of Wayne county. At the conclusion of all of the evidence adduced on behalf of both plaintiff and defendants, the court peremptorily instructed the jury to return a verdict for the defendants in accordance with such instruction and such verdict appears in the bill of exceptions before us.

Upon an examination of the record, we find no judgment entered by the court on said verdict. Section 806, R. S. 1899, provided that: "Any party . . . aggrieved by any judgment of any circuit court in any civil cause from which an appeal is not prohibited by the Constitution, may take his appeal to the court having appellate jurisdiction . . . from any final judgment in the case." No such judgment appears in the record

before us. There being no judgment, there could be no appeal therefrom. [Sperling v. Stubblefield, 83 Mo. App. 266; Lyons v. Rollinson, 109 Mo. App. 68, 82 S. W. 646; Silvey v. Sumner, 51 Mo. 199; Dale v. Copple, 53 Mo. 321.]

The bill of exceptions on file here seems to be full except the motion for new trial is not copied therein. There is a call for said motion in the bill and a notation by the clerk as follows: "Said motion is not among the files of this cause in this office." As the error complained of in this cause relates to the action of the court in giving the peremptory instruction requested by the respondents, such action is not reviewable here unless the exception taken thereto was renewed as a ground for new trial in such motion. If the matter of the giving of the instruction complained of was not again called to the attention of the trial court in the motion for a new trial, the matter is waived by such failure to renew it in the motion. [Roberts v. Boulton, 56 Mo. App. 405; State v. Nelson, 101 Mo. 477, 14 S. W. 718.] And in the absence of such motion in the bill of exceptions or a copy thereof at least, this court would be unable to say whether or not the matter complained of had been brought to the attention of the trial court thereby, even if the appeal were properly here. This last observation is made in view of the fact that the case may reach here again by writ of error.

For the reason there appears no judgment in the record from which an appeal could be taken, the appeal is dismissed. All concur.