## A. A. COOPER WAGON AND BUGGY COMPANY, Appellant, v. C. A. CORNELL, Respondent.

### Kansas City Court of Appeals, June 8, 1908.

1. **APPELLATE PRACTICE: Insufficient Abstract: Filing Judgments.** An abstract which fails to show that a certified copy of the judgment appealed .from and the order granting the appeal was filed in the appellate court, is insufficient.

2. **TRIAL AND APPELLATE PRACTICE: Final Judgment: Insufficient.** The final judgment recited "plaintiff refusing to plead further. It is therefore ordered and adjudged ' that plaintiff take nothing by this suit and that plaintiff pay all costs herein laid out and expended." *Held*, the judgment is not final since it does not discharge the defendant of the writ nor is the judgment in favor of defendant for the costs and giving him execution therefor and it does not sustain an appeal.

Appeal from Barton Circuit Court.—*Hon. B. G. Thurman,* Judge.

APPEAL DISMISSED.

*Cole, Burnett & Moore* for respondent.

(1). The judgment should be affirmed because the abstract fails to show that the proper steps were ever taken for an appeal. And affirmance is the penalty this court has prescribed for such failure. Bank v. Magee, 125 Mo. App. 439; Schnabel v. Thomas, 92 Mo. App. 180. (2) The abstract fails to show that a certified copy of the judgment appealed from and the order granting the appeal was ever filed in this court. This was necessary to confer jurisdiction. Harding v. Bedoll, 202 Mo. 630; Pennowfsky v. Coerver, 205 Mo. 136; Warner v. Donahue, 99 Mo. App. 45; Jordan v. Railroad, 92 Mo. App. 83; Greenwood v. Parlin, 98 Mo. App. 407; Bank v. Magee, 125 Mo. App. 439; State ex rel. v. Woodson, 128 Mo. 515; Green v. Castello, 35 Mo. App. 134; Thomas v. Insurance Co., 89 Mo. App. 15; Railroad v. Powell, 104 Mo. App. 367. (3) A literal compliance with the requirements of the statute is the only mode by which the appellate tribunal can acquire jurisdiction of the subject-matter of the former trial.

St. Louis v. Gunning Co., 138 Mo. 355; Hyatte v. Wheeler, 101 Mo. App. 359; Bader v. Jones, 119 Mo. App. 689.

*J. B. McGilvray* for appellant.

(1) Respondent contends that the abstract fails to show that a certified copy of the judgment appealed from the order granting the appeal was filed in this court. This is a matter which the records of the appellate court show, and, as courts take judicial knowledge of their own records, it would seem that such a showing would be superfluous. The case cited by respondents does not hold that it is fatal to the abstract to fail to show such facts. Crow v. Jewelry Co., 116 Mo. App. 624; Ive v. Ewing, 120 Mo. App. 124. (2) In this case, we have shown in our abstract all the records of the court, which show that we have fully complied with the above holding. And it has been repeatedly held that a court takes judicial notice of the state of the case pending before it as shown by its own record. Fears v. Ryley, 148 Mo. 49; Pelts v. Bollinger, 184 Mo. 252; Gildersleeve v. Overstolz, 97 Mo. App. 303; Chicago Herald Co. v. Bryan, 195 Mo. 596.

ELLISON, J.—This action is based on two promissory notes. A demurrer was sustained to the petition and plaintiff appealed.

There is no proper or sufficient abstract of the record. Among other defects there is nothing to show that a certified copy of the judgment appealed from and order granting the appeal, was ever filed in this court. [Harding v. Bedoll, 202 Mo. 625, 630; Pennowfsky v. Coerver, 205 Mo. 135.]

Again, it appears that a final judgment was not rendered. The entry is that "Plaintiff refusing to plead further. It is therefore ordered and adjudged that plaintiff take nothing by this suit and that plaintiff pay all costs herein laid out and expended." By

this the defendant is not discharged of the writ, that he go hence.    Nor is there a judgment in favor of defendant for costs and that he have execution.    The entry is not a judgment under either of the following cases:    Lisle v. Rhea, 9 Mo. 172; Jones v. Hoppie, 9 Mo. 173; Rogers v. Gosnell, 51 Mo. 468; Moody v. Deutsch, 85 Mo. 237, 244.    The judgment as entered will not support an appeal.    [Boggess v. Cox, 48 Mo. 278; Conn v. Ferree, 60 Mo. 17; Crockett v. Lewis, 66 Mo. 671; Lyons v. Rollinson, 109 Mo. App. 68.]

The appeal is dismissed.    All concur.