STATE ex rel. LAWRENCE COUNTY, Appellant, v. GRIER LAND & MINING COMPANY, Respondent.

### Springfield Court of Appeals, February 6, 1911.

1. **CORPORATIONS: Failure to File Report: Action for Penalty: Statutory Construction.** Section 1017, Revised Statutes 1899, providing that corporations failing to make a report to the Secretary of State, as required by section 1013 shall be subjected to a fine, is highly penal in its nature, must be strictly construed and applied only to such cases as come clearly within its provisions and manifest spirit and intent.

2. ———: ———: ———: **Commencing Action in Vacation: Jurisdiction: Waiver.** Although section 1017, R. S. 1899, provides that the action for the penalty for failure of a corporation to file its report as required by section 1013 shall be filed by the prosecuting attorney at the first court term after he has been notified of the failure by the Secretary of State, yet this goes only to the jurisdiction of the trial court over the person of the defendant; so where the proceeding was instituted in vacation before said term commenced and at the return term of the writ of summons, defendant appeared and filed a general denial and did not plead to the jurisdiction of the court, *held,* that defendant had entered a voluntary appearance and waived the defects as to the manner of instituting the suit.

Appeal from Lawrence Circuit Court.—*Hon. F. C. Johnston,* Judge.

REVERSED AND REMANDED.

*Elliott W. Major, Charles L. Henson* and *Archie L. Hilpirt* for appellant.

(1)   This is a civil action and was brought by the prosecuting attorney as required by sec. 3030, R. S. 1909. If the petition should have been signed by the prosecuting attorney the defendant should have demurred to the petition or raised that question by answer and not having done so and having answered by general denial has waived that point.   State ex rel. v. Land Co., 97 Mo. App. 226; State v. Minney, 81 Mo. 101; Bladwin v. State, 9 Ind. 383; State v. Salge, 2 Nev. 231; Craft v. State, 3 Kan. 450; Hipes v. State, 73 Ind. 39.   (2)   On the other point decided by the court that the case should have been brought during term time and not in vacation, it seems to us that there is less reason for that position than for the first.   The statute provides that the cases shall be brought at the next term after the prosecuting attorney receives the notice from the Secretary of State that the corporation is in default.   Webster defines the word "at" to mean near, in, by or on.   Cyc. says it is a word of somewhat indefinite meaning whose significance is generally controlled by the context and attending circumstances denoting the precise sense in which it is used.   4 Cyc. 365.

*E. J. White* and *John L. McNatt* for respondent.

(1)   Instead of being filed in "term time", or "at the first court term," it was filed in vacation and without consent or leave of court.   Clearly, this is not a technical provision, but one of the substance of the remedy.   "Officers who have not the right to sue by virtue of their office,  .  .  .   must obtain such authority,  .  .  .   before they can have any standing as parties plaintiff in court of justice."   17 Ency. Pleading and Practice, 148; Ross v. Railroad, 111 Mo. 18; State v. Luce, 62 Fed. 417.   (2)   The mere addition to the in-

dividual name of the plaintiff of the words descriptive of an office, without connecting the plaintiff there with, or showing that he is the incumbent thereof, so that it may be seen that the action is brought and a recovery sought by him, in his official character, will indicate that the action is a private one and not brought in an official capacity. 17 Ency. Pleading and Practice, 152; Gould v. Glass, 19 Barb. (N. Y.) 170.

NIXON, P. J.—This was an action instituted in the name of the state at the relation of Lawrence county to recover of the defendant corporation the penalty imposed by section 1017, Revised Statutes 1899, for failing to report to the Secretary of State "the location of its principal business office, the name of its president and secretary, the amount of its capital stock, both subscribed and paid up, the par value of its stock and the actual value of its stock at the time of making said report, the cash value of all its personal property and of all its real estate within this state on the first day of June immediately preceding, and the amount of taxes, city, county and state, paid by the corporation for the year last preceding the report," as prescribed in section 1013, Revised Statutes 1899.

The petition is in two counts, the first count for the penalty which accrued on the last day of September, 1909, and the second count for the penalty which accrued on the first day of October, 1909. The petition was filed on October 4, 1909, in vacation. The case was tried by the court on an agreed statement of facts, as follows: "That the plaintiff's evidence will show that the defendant is a corporation as alleged in the petition, of Lawrence county, Missouri, and that at the time and times mentioned in the first and second counts of the petition it had not filed with the Secretary of State the report mentioned in said petition as required by section 1013, Revised Statutes 1899. That for the defendant it will show; That the officers of the defendant had

overlooked the filing of said report and the same was filed with the Secretary of State about the middle of October, 1909, and that the blank reports required to be furnished by the Secretary of State were received by the officers of the defendant before the middle of October and were placed in a desk and overlooked until that time, and that there was no intention on defendant's part to violate the law in failing to file said reports." The court made the finding of facts that the suit was not instituted by the prosecuting attorney "at the first court term following the receipt by him of the report from the Secretary of State nor has the state shown compliance with the conditions named in the statute creating the cause of action." "And the court finds that in failing to comply with the conditions named in the statute creating the right of action, the state is not entitled to recover in this action and the finding of the court is in favor of the defendant." The following declaration of law was given: "The court declares the law to be that unless it finds from the evidence that the prosecuting attorney, of Lawrence county, in his official capacity, at the first court term after he received the report from the Secretary of State, informing him of the failure of the defendant to file the statement required by section 1013, Revised Statutes 1899, instituted proceedings in accordance with section 1017, Revised Statutes 1899, to recover the penalties therein provided for, its judgment will be for the defendant." Judgment was entered for defendant and the relator has appealed.

Section 1017, Revised Statutes 1899, provides: ". . . and it is hereby made the duty of the Secretary of State, as soon as practicable after the first day of September in each year, to report to the prosecuting attorney of the county in which any such delinquent corporation may be located, the fact of its failure to make the required report, and the prosecuting attorney shall, *at the first court term* after he receives the report from the Secretary of State, institute proceedings in the name

of the state, at the relation of the county, to recover the
fine or fines herein provided for, . . . ."

This section provides that for the failure to make
the report the corporation shall be subject to a fine of
not less than fifty nor more than one thousand dollars
for each offense, and that each succeeding thirty days
of such failure shall constitute a separate offense and
be subject to a like fine. That this statute is highly
penal in its nature is apparent. This being true, it
should of course, be strictly construed "and applied only
to such cases as come clearly within its provisions and
manifest spirit and intent." [Cowan v. Telegraph Co.,
129 S. W. 1. c. 1067; Connell v. Tel. Co., 108 Mo. 459, 18
S. W. 883; Wagner v. Tel. Co., (decided at this term
of this court); Bradshaw v. Tel. Co., 131 S. W. 912;
State ex rel. v. Railroad, 131 S. W. 161.]

Ordinarily a suit is instituted by the plaintiff filing
in the office of the circuit clerk his petition and by the
clerk issuing a summons. The statute (section 566,
Revised Statutes 1899) provides: "Suits may be in-
stitued in courts of record, except where the statute law
of this state otherwise provides, either, first, by filing
in the office of the clerk of the proper court a petition
setting forth the plaintiff's cause of action, and the
remedy sought, and by the voluntary appearance of the
adverse party thereto; or, second, by filing such petition
in such office, and suing out thereon a writ of summons
against the person or of attachment against the property
of the defendant. The filing of a petition in a court of
record, or a statement or account before a court not of
record, and suing out of process therein, shall be taken
and deemed the commencement of a suit."

The objection that the suit was not "instituted at
the first court term, but was institued in vacation before
said term commenced, goes only to the jurisdiction of
the first court term, but was instituted in vacation before
not now available to it. At the return term. or
the next term of court respondent appeared and

filed the following answer:  "Comes now the defendant and for answer to the petition filed herein, admits that it is a corporation, organized under the laws of the State of Missouri, but denies each and every other allegation in said petition contained.  Wherefore, having answered herein, it asks to be dismissed with its costs." It is to be observed that this answer is in the nature of a plea to the merits and not to the jurisdiction of the court.  By such an answer, the defendant voluntarily waived the issuance of any process, entered its general appearance, and the suit became to all intents and purposes thereby properly instituted and defendant waived the defects as to the manner of instituting the suit.  [Lewis v. Nuckolls, 26 Mo. 278; Hembree v. Campbell, 8 Mo. 572; Brown v. Woody, 64 Mo. 547.]

It follows that the judgment should be reversed and the cause remanded and it is so ordered.  All concur.