HARRY TAMBLYN, Appellant, v. CHICAGO LEAD & ZINC COMPANY, Respondent.

Springfield Court of Appeals, February 5, 1912. Moton for Rehearing Overruled, February 26, 1912.

1. **ATTACHMENT: Appeal and Error: Order Quashing Attachment: Premature Appeal.** Plaintiff instituted a suit by attachment, alleging in his affidavit as ground therefor, that defendant (a corporation) is a non-resident of the state of Missouri. The sheriff attached certain property belonging to the defendant, but failed to get service on the defendant. The defendant filed a motion to quash the writ of attachment,

which said motion was sustained, and upon the trial court refusing to permit plaintiff to file an amended affidavit for attachment, the plaintiff appealed.  *Held*, that plaintiff's appeal would not lie; that the order quashing the attachment was not a final judgment; that the original suit remained pending and that plaintiff could have perfected his appeal only after a final judgment had been entered, disposing of the rights of all the parties to the suit in the attachment proceeding and in the original suit itself.

2.  **APPEAL AND ERROR: Attachment: Order Quashing Attachment: Premature Appeal.**   The order of the court on a motion to quash the writ of attachment is not a final disposition of the entire case and it is not a final judgment from which an appeal can be taken.

3.  **JUDGMENTS: Final Judgment: Appeal and Error.**   There can be but one final judgment in a cause and such final judgment cannot be composed of fragments.   It must be such a judgment as will relieve the defendant from further appearance as to the entire cause.

4.  **ACTIONS: Commencement of Suit.**   The filing of a petition in a court of record, or a statement of account before a court not of record, and suing out process therein shall be taken and deemed the commencement of a suit.

5.  **JURISDICTION.**   Questions of jurisdiction assert themselves at any stage of a proceeding and in any court and are considered *sua sponte.*

Appeal from Jasper Circuit Court.—*Hon. Hugh Dabbs,* Judge.

APPEAL DISMISSED.

*Horace Merritt* for appellant.

*McReynolds & Halliburton* for respondent.

NIXON, P. J.—The appeal in this case was taken before the establishment of this court and was allowed to the Supreme Court.   The bill of exceptions was signed on November 2, 1908.   On October 10, 1911, J. W. Halliburton, as *amicus curiae,* filed in the Supreme Court a written statement to the effect that he was attorney for the defendant in the trial court but had

not been employed by defendant to appear in the Supreme Court; that appellant had served on him his abstract and brief in the case; but that the Supreme Court had no jurisdiction in the case for the reason that the amount involved is less than $7,500. On October 21, 1911, the Supreme Court made an order transferring the case to this court.

This is an attempted appeal from an order sustaining a motion to quash a writ of attachment and refusing to permit the plaintiff to file an amended affidavit.

Plaintiff, claiming as assignee of debts owed to some fourteen of defendant's creditors, sued the defendant for the aggregate sum of $5,229.83, and sued out a writ of attachment in aid of his suit. The affidavit for attachment alleged as its sole ground that the defendant is a non-resident of the state of Missouri. The writ of attachment was issued and levied on a mining plant known as the Chicago Lead & Zinc Company in Jasper county, the return of the sheriff further reciting that he failed to find in this state a chief office or place of business of the defendant, and failed to find any officer, agent or employee of the defendant corporation upon whom to serve the summons as commanded in the writ. The motion to quash the writ of attachment and dismiss the cause, filed on November 5, 1907, states as reasons, (1) that the writ of attachment is void and of no effect; (2) that the clerk of the court had no authority, legal or otherwise, to issue said writ; (3) that said writ was issued without any authority of law; and (4) that the court never acquired any jurisdiction over the defendant or its property. The defendant appeared specially for the sole purpose of filing this motion. The court sustained the motion on the authority of Farnsworth v. Railroad, 29 Mo. 75. On the next day the plaintiff appeared and in writing moved the court to permit him to file an amended affidavit in the cause, and attached

to said motion was an amended affidavit which stated the same ground for attachment, but also stated the additional ground "that the defendant is a corporation whose chief office or place of business is out of this state." This motion was denied, and plaintiff appealed.

The only judgment entered in this case is as follows:

"Now comes on for hearing the motion to set aside order of sale and to quash the writ of attachment herein; said motion is taken up and being seen, heard and fully understood by the court the same is sustained.

"It is therefore ordered and adjudged by the court that the attachment herein be quashed and that the order of sale heretofore entered herein be and the same is hereby set aside and for naught held and esteemed."

It will be seen that the court only disposed of the attachment and not of the suit itself. To be effective, an appeal must operate on a final judgment, and not upon something less than a final judgment. A party cannot appeal his cause by piecemeal. [Jones v. Evans, 80 Mo. 565.] Nor from an interlocutory order unless there is a permissive statute. The order of the court on the motion to quash the attachment was not the final disposition of the entire case in the court below; it was not a final judgment of the cause, but simply a judgment on the motion to quash the attachment leaving the main issue standing as before. [Wirt v. Dinan, 41 Mo. App. 236, 240.] "It has been long and well understood in this state that there can be but one final judgment in a cause, and that such final judgment cannot be composed of fragments. As to the defendant the judgment must relieve him from further appearance as to the entire cause. He must be permitted to go 'without day,' etc." [Writ v. Dinan, supra.] It will readily be seen that the above

order does not conform to these requirements. [See, also, Wirt v. Dinan, 44 Mo. App. l. c. 597, 598; Cooper Wagon & Buggy Co. v. Cornell, 131 Mo. App. 344, 111 S. W. 521; Lyons & Reesman v. Rollinson, 109 Mo. App. 68, 82 S. W. 646; Sec. 2038, R. S. 1909.]

This suit was instituted by the plaintiff filing in the office of the clerk of the circuit court his petition and by the clerk issuing a summons. The statute (Sec. 1756, R. S. 1909) provides that "suits may be instituted in courts of record, except when the statute law of this state otherwise provides, either . . . second, by filing such petition in such office, and suing out thereon a writ of summons against the person or of attachment against the property of the defendant. The filing of a petition in a court of record, or a statement of account before a court not of record, and suing out process therein, shall be taken and deemed the commencement of a suit." [See State ex rel. Lawrence County v. Grier Land & Mining Co., 154 Mo. App. 389, 134 S. W. 1087.] Under this statute the plaintiff properly commenced his suit; but at the same time, in addition to the original suit, he sued out a writ of attachment in aid of it by filing an affidavit and bond as required by the attachment act, upon which a writ of attachment was issued out of the circuit clerk's office and delivered to the sheriff and by him levied upon the defendant's property. But no personal service of the writ of summons was had nor was any service had by publication as provided in case of non-residence. Now, when the writ of attachment was quashed, the original suit remained still pending, and the plaintiff might still have filed another affidavit and bond and have had an additional writ of attachment issued; or he might have had an *alias* writ of summons issued and the suit could thus proceed. At the time the court sustained the motion to quash and quashed the writ of attachment, the plaintiff, if he desired to take an appeal, had the usual remedy in cases of involuntary

nonsuit and could have taken an involuntary nonsuit with leave to move to set the same aside, by reason of the ruling of the court. Then a final judgment would have been entered disposing of the rights of all the parties to the suit, both in the attachment proceeding and in the original suit itself. Such an order would have been a final judgment from which the plaintiff could have perfected his appeal. Whether, after filing a motion to set aside the quashing of the writ of attachment, at this late day he can file an amended affidavit so as to continue the original attachment proceedings under the statute is a question that is not before us and on such question our opinion is reserved. According to the authorities hereinbefore cited, we have no jurisdiction of this appeal. Questions of jurisdiction assert themselves at any stage of a proceeding and in any court and are considered *sua sponte*. [City of Tarkio v. Clark, 186 Mo. l. c. 294, 85 S. W. 329; Padgett v. Smith, 206 Mo. l. c. 313, 103 S. W. 943.] The appeal is therefore dismissed. All concur.