ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

AT THE.

MARCH TERM, 1912.

---

(Continued from Vol. 164 Mo. App.)

G. W. FREEMAN et al., Appellants, v. P. H. McCRITE et al., Respondents.

Springfield Court of Appeals, June 3, 1912.

1. APPEAL AND ERROR: Appellant Must Be Interested Party. Where one of the plaintiffs appealed from a judgment in an action on promissory notes, and it appeared from the record that he had no interest whatever in said notes, and the judgment did not even impose a liability for costs on him, the appeal will be dismissed.

2. ——————: ——————. The appellant must be a party aggrieved; one who is affected by the judgment, and unnecessary parties wholly unaffected by the judgment cannot appeal therefrom.

3. JUDGMENT: Appeal and Error: Final Judgment: Amending Judgment Without Order. Where the judgment in favor of the defendants was incomplete and was not in fact a final judgment, in that it did not discharge the defendants and render a judgment in their favor for the costs, an appeal from such judgment by a plaintiff will not lie; neither will it avail plaintiff anything after the appeal has been taken and after the judgment has been written and without any order from

the court and without notice to the defendants to have the clerk add to the incomplete judgment a proper conclusion and enough to make it a final judgment.

4. **APPEAL AND ERROR: Final Judgment.** An appeal will not lie where there is no final judgment.

5. **JUDGMENT: Final Judgment.** A final judgment must purport to be the actual and absolute judgment of the law, as distinguished from a mere finding that one of the parties is entitled to a judgment.

6. **APPEAL AND ERROR: Party Not Joining in Appeal.** A party to a judgment to be benefited by an appeal should join in it and unless so joining he has no standing in an appellate court. To hold otherwise would allow a party to share in all the advantages of an appeal without being responsible for any part of the costs and expenses.

Appeal from Wright Circuit Court.—*Hon. C. H. Skinker*, Judge.

APPEAL DISMISSED.

*Perry T. Allen, E. H. Farnsworth* and *Lamar, Lamar & Lamar* for appellants.

*F. M. Mansfield* and *Woodruff & Luster* for respondents.

NIXON, P. J.—This was a suit on certain promissory notes alleged in the petition to have been executed by defendants to Ream, Flummerfelt & Company, a partnership, and assigned by said company to A. J. Ream and by him assigned to "the plaintiff." The petition contained three counts, each count describing a note upon which a balance was claimed to be due. Defendants prevailed in a trial before the court sitting as a jury, and the case is here on appeal.

Respondents, not being satified with appellant's abstract, have filed in this court in accordance with our Rule 1, an additional abstract purporting to contain all the record entries in this cause in the circuit

court, which additional abstract is sworn to by the circuit clerk as true and correct, and appellant has not challenged its correctness. There is nothing in appellant's abstract to show that *both* G. W. Freeman and the Bank of Mansfield (the original plaintiffs) did not take the appeal, but in respondents' additional abstract the record entries are set forth and clearly show that G. W. Freeman alone took the appeal. The affidavit for appeal is not set forth in appellant's abstract, but is fully set forth in respondents' additional abstract and it is shown thereby that Robert Lamar "as agent and attorney for G. W. Freeman" made and swore to the affidavit; so that no appeal was taken by the Bank of Mansfield, although the name of the Bank of Mansfield appears in the appellant's abstract and brief as a coappellant. In his testimony at the trial G. W. Freeman himself stated that he had been president of the Bank of Mansfield for about sixteen or seventeen years and that the Bank of Mansfield "is the owner of the three notes attached to the petition and marked Exhibits A. B. and C. It became the owner of them about a year—I will say about eight to twelve months after their execution."

Our statute, section 2038, Revised Statutes 1909, provides that "any party to a suit aggrieved by any judgment in any civil action from which an appeal is not prohibited by the Constitution, may take his appeal to a court having appellate jurisdiction . . . from any final judgment in the case . . ." The appellant must be a party aggrieved, one who is affected by the judgment. An unnecessary party, wholly unaffected by the judgment cannot appeal therefrom. [McMurray v. Bank, 74 Mo. 394; Thomas v. Elliott, 215 Mo. 598, 114 S. W. 987.] The judgment in this case does not even impose a liability on appellant G. W. Freeman for costs. According to appellant's abstract, the judgment rendered below was as follows:

"Now on this day this cause coming on to be heard, the court, after hearing the evidence in the cause, renders judgment for the defendants.

*"Whereupon it is ordered, considered and adjudged by the court that plaintiffs take nothing by their suit and that defendants go hence without delay and recover from plaintiff their costs herein laid out and expended."*

But in respondents' additional abstract the circuit clerk swears that the second paragraph of the above judgment (which we have written in italics) was added by him on the record at the request of the attorney for the plaintiff after the granting of the appeal and without any order from the court and without notice to the defendants. The judgment, therefore, upon which appellant must rest his appeal is not a "final judgment" in favor of defendants under section 2038, Revised Statutes 1909. An appeal will not lie where there is no final judgment. [Dale v. Copple, 53 Mo. 321; State ex rel. v. Turner, 113 Mo. App. 53, 87 S. W. 464.] A final judgment must purport to be the actual and absolute judgment of the law, as distinguished from a mere finding that one of the parties is entitled to a judgment. [State ex rel. v. Klein, 140 Mo. 502, 510, 41 S. W. 895.] In Moran v. Plankinton, 53 Mo. 243, it was held that a final judgment in favor of defendant should conclude substantially in this way: "It is therefore considered by the court that plaintiff take nothing by his writ and that defendant be discharged and go hence without delay and have and recover of and from said plaintiff his costs in this behalf expended and have hereof execution." [Lyons & Reesman v. Rollinson, 109 Mo. App. 1. c. 70, 82 S. W. 646.]

In respondents' additional abstract is the affidavit of the circuit clerk to the effect that he had examined his records and found no entry showing that the bill of exceptions was filed in his office on January 25,

1912, as stated in appellant's abstract, or that it was ever filed, and that he had examined the bill of exceptions and found thereon no filing mark showing that the same was actually filed.

These matters are pressed upon us by the respondents and we have no alternative. However, no great hardship will ensue, it appearing from appellant's own testimony that he has no interest in the merits of the controversy concerning the three promissory notes, and that the judgment in no way affects him and is not such a judgment as to entitle him to appeal therefrom, and it further appearing that the Bank of Mansfield, the real party in interst, did not feel sufficiently aggrieved by the outcome of the trial to test its soundness by an appeal. To allow the Bank of Mansfield to benefit by Freeman's appeal would be in contravention of the general doctrine that no party to a judgment shall be benefited by an appeal unless he joins in it, and would allow a party to share in all the advantages of an appeal without being responsible for any part of the costs and expense. [Christopher v. Kelly, 91 Mo. App. 1. c. 100.] The appeal is dismissed. All concur.