**FIRST STATE BANK OF BLANCHARD v. HARMON.**

No. 9816—Opinion Filed Dec. 21, 1920.

(Syllabus by the Court.)

**Appeal and Error — Decisions Appealable — Final Order—Judgment—Jurisdiction.**

A demurrer was interposed to the petition filed in this cause, which demurrer was sustained and the plaintiff given 60 days in which to appeal to the Supreme Court, but he did not appeal. At a subsequent term of the court, on motion, the order sustaining this demurrer was set aside and plaintiff permitted to file an amended petition, upon which a judgment was rendered for plaintiff. Held, that the sustaining of said demurrer was not a final order and the court had jurisdiction at a subsequent term of the court to set aside the order sustaining the demurrer, permit an amended petition to be filed, and to render judgment on such amended petition.

Error from District Court, McClain County; F. B. Swank, Judge.

Action by H. G. Harmon against the First State Bank of Blanchard to recover usurious interest. Judgment for plaintiff, and defendant brings error. Affirmed.

C. G. Moore, for plaintiff in error.

E. E. Glascoe and Roy Glascoe, for defendant in error.

COLLIER, J. Defendant in error, plaintiff below, filed this action to recover from plaintiff in error, defendant below, on account of an alleged usurious interest contract. Hereinafter the parties will be referred to as they were in the court below.

The defendant demurred to the petition, and at the June term, 1915, of the district court of said county, the court sustained the demurrer and plaintiff was given 60 days thereafter to appeal. On the 4th day of September, 1915, plaintiff moved to set aside said order sustaining said demurrer, which motion was overruled and exceptions saved. On the 4th day of October, 1915, another motion was filed in said court to set aside said order made at a previous term of the court sustaining the demurrer to the petition of plaintiff, which was granted. At the October term, 1916, of said court leave was given the plaintiff and five days in which to amend petition and defendant five days thereafter to plead to said amended petition. On the 24th day of October, 1916, plaintiff filed in said cause his first amended petition in said cause, and on the 7th day of October, 1917, the defendant was granted additional time to plead to the said first amended petition. On the 13th day of February, 1917, there was filed in said court by defendant a motion to strike plaintiff's first amended petition in said cause, and on the 20th day of September, 1917, a special demurrer was filed to said amended petition for the reason, among other reasons, that the court did not have jurisdiction of the cause upon the grounds that the court was without jurisdiction to set aside at a subsequent term the order sustaining the demurrer made at a previous term of court, which was a final order and the court without jurisdiction to proceed further in the case, which said motion to strike and said special demurrer the record does not show were acted upon by the court. On the 1st day of October, 1917, judgment was rendered in favor of plaintiff and against defendant in the sum of $219.50, with interest at the rate of 6 per cent. per annum from February 8, 1915, and the further sum of $50 as attorney's fee for services therefore rendered by plaintiff's attorney, and all costs expended in this action, to which order and judgment defendant excepted, and gave notice in open court of its intention to appeal to the Supreme Court of the state of Oklahoma, and perfected this appeal.

There is but one material question in this case: Did the court have jurisdiction at a

subsequent term of the said court to that at which the demurrer was sustained to set aside the order rendered at a previous term of the court sustaining defendant's demurrer to plaintiff's original petition, and permitting the filing of an amended petition, and to render judgment on said amended petition?

We find the authorities upon whether the said order "sustaining the demurrer to the original petition and the granting of 60 days in which to appeal to this court" is a final order, in irreconcilable conflict; but we are of the opinion that the weight of authority and the better reasoning thereof are that sustaining said demurrer and giving 60 days in which to appeal to this court was not a final order and that the court had jurisdiction at a subsequent term of the court to that at which said demurrer was sustained to set aside such order and thereafter allow the filing of an amended petition, and to render judgment thereon, as was done in this case. "A final order is one ending the particular action in which it is entered, leaving nothing further for the court pronouncing it to do in order to determine the rights of the parties." Oklahoma City Land & Dev. Co. v. Patterson, 73 Oklahoma, 175 Pac. 934.

A judgment which merely sustains the demurrer to the declaration and neither adjudges that plaintiffs take nothing nor that defendant go hence without day nor containing words of equivalent meaning, is not a final judgment. Chicago Portrait Co. v. Chicago Crayon Co., 217 Ill. 200; Franklin Co. v. Blake, 257 Ill. 354; Wenom v. Fossick, 213 Ill. 70.

An order sustaining a demurrer to separate amended petition, though reciting that petitioners except and stand on their second amended petition and decline to plead further, and which adjudges that the defendants recover of relators the costs, is not final. People v. Board of Education, 236 Ill. 154.

An order which adjudged that plaintiff take nothing by said suit and the plaintiff pay all costs set out and expended, but not discharging defendant or giving him judgment for costs, or that he have execution, is not a final judgment. A. A. Cooper Wagon Co. v. Cornell, 131 Mo. App. 344, 111 S. W. 521.

"A decree sustaining a demurrer to a bill in equity without dismissing the bill is interlocutory." Conrad v. O'Boyle, 51 Penn. Super. Ct. 467.

An order sustaining a demurrer to the complaint is not a final order where it does not show that plaintiff elected to abide by the complaint. Fire Department Benv. Ass'n v. Farwell, 5 Ill. App. 240.

"Where defendant demurs to the petition, and the judgment merely is that the court, advised as to the demurrer filed in the foregoing, sustains same, and the plaintiff elects to stand by the petition in said case, and

prays an appeal, which is granted, there is no judgment or final order that can be appealed from. Commonwealth v. Louisville & N. R. Co. (Ky.) 29 S. W. 331.

Finding no error in the trial court, the judgment is affirmed.

All the Justices concur.