MRS LAURA McCOY, Claimant, v. H. G. SIMPSON, Doing Business as SIMPSON OIL COMPANY, Employer; HARDWARE MUTUAL CASUALTY COMPANY, Insurer, Appellant.—125 S. W. (2d) 833.

Division One, March 8, 1939.

*Oliver & Oliver* for appellants.

*Blanton & Montgomery* for respondent.

GANTT, J.—Plaintiff, the widow of Ruskin G. McCoy, deceased, seeks compensation for his death. He was an employee of the defendant H. G. Simpson, doing business as Simpson Oil Company At the time of his death he was traveling in an automobile from Kennett to Sikeston. Claim was filed with the commission, alleging that his death was the result of an accident arising out of and in the course of his employment. The employer and insurer contended that the accident did not arise out of and in the course of the employment. The commission, James, Commissioner, dissenting, found in favor of plaintiff for $9230. The employer and insurer appealed to the circuit court. On a trial in said court the finding also was in favor of plaintiff for said sum, and the employer and insurer appealed to this court.

The certified transcript of a purported judgment and order granting an appeal was filed in this court. The transcript follows:

"IN THE CIRCUIT COURT OF DUNKLIN CO., MO.,
"JULY TERM, 1937.

"BE IT REMEMBERED that on Thursday, July 22nd, 1937, same being the 9th day of the Regular July Term, the following among other proceedings were had to-wit:

"Mrs. Laura McCoy,      Plaintiff

vs.                              No. 20824   Workmen's Compensation (Appeal)

"H. G. Simpson Oil Co., Defendant

"Submitted to the Court.

"AND AFTERWARDS to-wit on Monday, October 11th, 1937, same being the First day of the Regular October Term, the following among other proceedings were had to-wit:

"(Same Caption)

"Award of Commissioners affirmed. Motion for rehearing filed, and motion to set aside award filed, and overruled.

"AND AFTERWARDS to-wit on Monday, November 8th, 1937, same being the Fourth day of the Regular October Term, the following among other proceedings were had to-wit:

"(Same Caption)

"Affidavit by defendant for appeal filed and sustained. Appeal granted to Supreme Court of Missouri. Appeal Bond fixed at $12,000.00. By agreement Appeal Bond filed, and approved, and to supersede Judgment on Appeal. Ninety (90) days in which to perfect and file Bill of Exceptions. Docket fee of $10.00 made on Appeal."

The record presents the question of this court's appellate jurisdiction. The transcript shows only a decision of the circuit court in words as follows: "Award of commissioners affirmed." The decision is certified from the minute book of the clerk as the judgment in the cause. In other words, there is no final judgment. The rule is stated as follows: "The mere ruling, decision or opinion of the court, no judgment or final order being entered in accordance therewith, does not have the effect of a judgment, and is not reviewable by appeal or writ of error." [4 C. J. S., p. 331; 1 Freeman on Judgments (5 Ed.), pp. 86, 126, 130; Bybee v. Maxwell et al., 43 Mo. 209; State ex rel. v. Turner et al., 113 Mo. App. 53, 87 S. W. 464; Rubey v. Shain et al., 51 Mo. 116; Smith, Admr., v. Steel, 81 Mo. 455; State ex rel. Caldwell v. Cockrell, 280 Mo. 269, l. c. 290, 292, 217 S. W. 524; Arcadia Timber Co. v. Evans, 304 Mo. 674, l. c. 677, 264 S. W. 810; City of St. Louis v. Pope et al., 68 S. W. (2d) 805; Freeman et al. v. McCrite et al., 165 Mo. App. 1, 147 S. W. 1102.]

Furthermore, the commission is without authority to enforce an award. There must be a judgment on the award. [Sec. 3343, R. S. 1929.]

It follows that we are without appellate jurisdiction. The judgment of submission in this court should be set aside and the cause remanded to the circuit court with directions to enter judgment in accordance with the decision of said court. It is so ordered. All concur.