## TEEL *v.* YOST.

(*Superior Court of New York City, General Term.* February 4, 1889.)

1. JUDGMENT—ACTION ON—PLEADING.

A complaint alleging that defendant executed his promissory note, etc., the note being set out in full, and further alleging that plaintiff, in accordance with the law

of Pennsylvania, (where the note was made,) duly entered judgment thereon, and is now "the owner of said judgment and of all sums due and owing thereunder, and that neither the said judgment nor said note has been paid," sets up a cause of action upon the judgment, and not upon the note.

2. SAME—FOREIGN JUDGMENT—TRANSCRIPT OF RECORD.
The record of a judgment rendered in a Pennsylvania court of common pleas was as follows: "Continuance Docket. Entry of December Term, 1877. Lewis M. Teel *vs.* Abraham Yost, *d. s. b.,* $2,268. And now, Jan'y 14, 1878, a single bill under the hand and seal of the defendant, dated Jan'y 12, 1878, wherein he promises to pay to the plaintiff, or order, one year after date, $2,268, containing a clause authorizing the entry of judgment, waiving stay of execution, with ten per cent. for collection fees, is produced hereto, to have judgment thereon. Wherefore judgment." There was no evidence of any law of Pennsylvania authorizing entry of judgment on a note before its maturity, nor was there any record of process, or appearance, or plea by defendant. *Held,* that an action could not be maintained on such a record.

Appeal from jury term.

Action by Lewis M. Teel against Abraham Yost. The court directed a verdict for defendant, and plaintiff appeals.

Argued before FREEDMAN and INGRAHAM, JJ.

*Lemuel Skidmore,* for appellant. *S. B. Rogers,* for respondent.

INGRAHAM, J. The complaint alleges that on or about the 12th day of January, 1878, the defendant made his certain promissory note in writing at South Bethlehem, in the commonwealth of Pennsylvania, as follows: "$2,268.00. South Bethlehem, January 12, 1878. One year after date I promise to pay Lewis M. Teel, twenty-two hundred and sixty-eight dollars, without defalcation, for value received. And I do hereby authorize any attorney of any court of record in Pennsylvania, or elsewhere, to confess judgment therefor and release of errors; and I hereby also waive all stay of execution from and after the maturity of the above note. Witness my hand and seal, the day and date above written. With ten per cent. allowed for collection fees, with interest from date. ABRAHAM YOST. [Seal.] Witness present: GEO. ZIEGENFUSS." The complaint then alleged that thereafter, on January 14, 1878, in accordance with the law of Pennsylvania, plaintiff duly entered judgment against the defendant in the court of common pleas of Northampton county, in said commonwealth of Pennsylvania, the same being a court of record and of competent jurisdiction, upon said note, according to the tenor thereof; said note being then filed among the records of said court, according to the laws of said state. That the plaintiff is the owner of said judgment, and of all sums due and owing thereunder, and that neither the said judgment nor said note has been paid. I think it clear that one cause of action is set up in the complaint, and that is a cause of action upon the judgment; and to entitle plaintiff to recover he must prove a valid judgment against the defendant. In *Krower* v. *Reynolds,* 99 N. Y. 248, 1 N. E. Rep. 775, the complaint alleged the making of a bond and mortgage which the defendant had covenanted to pay; that subsequently an action was commenced to foreclose the mortgage, to which action the defendant was made a party. A judgment was duly recovered against him upon his covenant for a sum of money named and no part of which was paid, and it was held that that complaint stated but a single cause of action, and that was a cause of action on the judgment; that upon the facts alleged in the complaint the covenant was merged in the judgment, and that no subsequent action upon the covenant could be maintained. On the allegation of the complaint in the case at bar the note was merged in the judgment, and on the complaint as it stood no cause of action could be maintained upon the note. On the facts alleged, therefore, the only cause of action that existed in favor of the plaintiff against the defendant was the cause of action on the judgment, and this was apparently the opinion of the trial judge; because, when the record from the court of common pleas of Pennsylvania was offered in evidence, an objection was inter-

posed on the ground that the action was on the note and not on the judgment, and that objection was overruled.

The plaintiff, to prove his cause of action, offered in evidence an exemplified copy of a portion of the record of the court of common pleas of Northampton county, commonwealth of Pennsylvania. It is there stated that among the records of that court it is thus contained: "Continuance Docket. Entry of December Term, 1877. Lewis M. Teel vs. Abraham Yost, d. s. b., $2,268.00. And now Jan'y 14, 1878, a single bill, under the hand and seal of the defendant, dated Jan'y 12, 1878. wherein he promises to pay to the plaintiff, or order, one year after date, twenty-two hundred and sixty-eight dollars, containing a clause authorizing the entry of judgment, waiving stay of execution, with ten per cent. for collection fees, is produced hereto, to have judgment entered thereon. Wherefore judgment." With the exception of some assignments, this is the whole transcript of the record. It will be noticed that the note is payable one year from January 12, 1878, and this proceeding is of the date of January 14, 1878. There is no record of any process or plea, no record of any service or appearance by the defendant, and at the time of this entry nothing was due on the note. There is no adjudication of the court that defendant should pay anything, or that the plaintiff should recover anything, or that plaintiff should have execution or process of any kind to collect anything. There is no evidence of any law of Pennsylvania that would authorize a judgment to be entered on a note that had yet a year to run, or that would in any way explain the meaning of this record. It seems to me that this record was no evidence of any judgment in favor of the plaintiff and against the defendant for any sum of money, or that would justify a presumption that any question was adjudicated between the parties. The first requisite of a judgment was wanting. A judgment is defined to be: "The conclusion of law upon facts found or admitted by the parties, or upon their default in the course of the suit. The decision or sentence of the law, given by a court of justice, or other competent tribunal, as the result of proceedings instituted therein for the redress of an injury." Bouv. Law Dict. In the absence of the process to bring the defendant before the court, and of an order or decree which is an adjudication, and with no proof of the law or practice of Pennsylvania which provided that such a record was in effect an adjudication, the evidence was insufficient to prove that the plaintiff had recovered a judgment against the defendant. I think, therefore, that plaintiff failed to prove the cause of action set forth in the complaint, and that the complaint should have been dismissed. The judgment should therefore be reversed and a new trial ordered, with costs to the appellant, to abide the event.

FREEDMAN, J., concurred.