## THOMAS v. PENDLETON *et al.*

1.  A complaint upon a judgment alleged to have been recovered in the State of Pennsylvania, which contained a copy of the note and warrant of attorney upon which the same was rendered, and from which it appears the judgment was rendered before the maturity of the note, in the absence of any allegation in the complaint of any law of that state

authorizing the rendition of such a judgment, *held* to be insufficient to sustain an attachment issued upon an affidavit stating no grounds of the claim, except by referring to such complaint for the grounds of the same.

2. The exemplified copy of a record of a judgment rendered in a Pennsylvania court of common pleas was as follows: "Copy of continuance docket entry, February term, 1889. [Title.] By virtue of a power of attorney, C. W. Tyler confesses judgment against them in favor of plaintiff for the sum of five hundred and seventy-seven and 50-100 dollars, with costs of suit, release of errors, and waiving exemptions and inquisition. Debt, $577.50. Interest from June 11, 1889. Judgment. A. B. Edson, Pro. Due June 11, 1889. Filed and entered May 8. 1889. A. B. Edson, Pro.,"—with declaration and judgment docket entry of names of the parties, date and amount of judgment. *Held*, that such a record, in the absence of proof of any law of Pennsylvania authorizing an entry of judgment on a note before due, and explaining the meaning of such a record, is insufficient to maintain an action on such alleged judgment, and therefore it does not show the grounds of plaintiff's claim to be sufficient to sustain an attachment issued in the case.

3. *Held* that, in the absence of any allegation or proof on the subject, this court will presume that the laws of the State of Pennsylvania are the same as the laws of this state.

(Syllabus by the court. Argued March 1, 1890. Opinion filed June 25, 1890.)

Appeal from district court, Sully county; Hon. James Spencer, Judge.

Motion to vacate and set aside an attachment. Motion allowed. Plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*Henry Hoffman,* for appellant.

It is a sufficient compliance with the provisions of the statute providing that an affidavit for an attachment must set out the grounds of the cause of action for a plaintiff to annex to and make a part of his affidavit the complaint in the case. 2 Abbott's Form's 315; Gutta Percha Mf'g Co. v. Houston, 15 N. E. 402; Irving v. Edrington, 6 So. 177; Clark v. Miller, 10 S. W. 277. The complaint so attached shows the action to be one upon contract for the recovery of money only, and is sufficient. Keybers v. McComber, 7 Pa. 838; Hahn v. Kelly, 34 Cal. 391; Herrick v. Butler *et al*, 14 N. W. 794; Reiney v. Hecht, 16 N. W. 548; Credit Foncier v. Rogers, 4 N. W. 1012.

*Loring E. Gaffy* for respondent, Henry F. Pendleton.

An affidavit for an attachment is insufficient unless it states the grounds of a cause of action. The complaint in this case was verified upon information and belief and was in fact held bad upon demurrer. To say that simply annexing such a complaint to an affidavit for an attachment and making it a part thereof was a sufficient statement of the grounds of a cause of action is to say that no such statement is necessary. A warrant of attachment can only issue upon an affidavit stating all the facts made necessary by statute. A failure so to state is jurisdictional. Skiff v. Stewart, 39 Howard 385; Tracy v. Blanchard, 28 N. W. 669; Kingsbury v. Borland, 31 N. W. 620.

CORSON, P. J. This is an appeal from an order of the court vacating and setting aside attachment proceedings in this action. The warrant of attachment was issued npon an affidavit, the part of which material to a determination of the question involved in this case is as follows: ''That a cause of action exists in favor of said plaintiff, and against said defendants, the grounds of which are fully set forth in the complaint hereto annexed, which is on file in this action, the statements contained in which are true; that the defendants are not residents of this territory. * * *'' A motion was made by defendant Pendleton to vacate and set aside the attachment upon the following grounds: ''Because the same was irregularly issued in this: *First*, the grounds of the cause of action, if any there be, are not stated and set forth as by law required in the affidavit for attachment; *second*, the affidavit does not state that this is an action on contract, for the payment of money only: *third*, the attachment was improvidently issued in this, that defendant Henry F. Pendleton is not, and was not, a non-resident of this territory. This motion is made upon all the papers filed in this case, and upon the affidavit of Henry F. Pendleton, served herein.'' It will be observed that the amount of plaintiff's claim is stated in his affidavit, but not the grounds thereof, except by reference to the complaint annexed thereto. It therefore becomes necessary to examine the complaint, to ascertain the grounds of plaintiff's claim, and the sufficiency of the same.

The action is founded upon an alleged judgment in the

court of common pleas of Crawford county, in the State of Pennsylvania. Although the complaint sets out the note and warrant of attorney upon which the alleged judgment is founded, it is clear that there is only one cause of action set out, and that is upon the judgment. Krower v. Reynolds, 99 N. Y. 248, 1 N. E. Rep. 775. In the complaint the judgment is alleged to have been rendered on the 8th day of May, 1889, upon a note bearing date March 12, 1889, payable 90 days after its date. It therefore appears upon the face of the complaint that the alleged judgment was rendered more than 30 days before the note, by its terms, became due and payable. No law of the State of Pennsylvania is set out or pleaded authorizing a judgment to be entered upon a note before its maturity. In the absence of any allegation as to what the laws of Pennsylvania are on this subject, the court will presume they are the same as our own. The authorities are conflicting on this question, when applied to a judgment purporting to have been rendered by a court of general jurisdiction in another state, but we think the weight of authority is in favor of the rule as stated. Mr. Freeman, in his work on Judgments, (Section 571,) says: "A judgment of another state, when offered in evidence, ought to be shown to be valid. If it would not be valid if rendered in the state where it is offered in evidence, the party who relies upon it must show that it is valid according to the laws of the state within whose jurisdiction it was pronounced." Crafts v. Clark, 31 Iowa, 77; Pelton v. Platner, 13 Ohio, 209; Draggoo v. Graham, 9 Ind. 212; Rape v. Heaton, 9 Wis. 328. Taylor v. Barron, 10 Fost, (N. H.) 78; Hill v. Grigsby, 32 Cal. 55; Norris v. Harris, 15 Cal. 226. And in the late case of Teel v. Yost, 5 N. Y. Supp. 5, (decided in 1889,) this was substantially held to be the law as applied to that case. The complaint in this case, tested by the law in force in this state, is clearly insufficient. It shows upon its face that the alleged judgment, if rendered by our own court, would not be a valid judgment. Under our statute, there is only one class of cases in which a judgment may be rendered on a debt before its maturity, and that is on confession of judgment under Sections 5537–5539,

Comp. Laws. But the proceeding is purely statutory, and the provisions of the statute must be strictly complied with. There are no facts alleged in this complaint that can sustain this alleged judgment as one coming within the provisions of the sections above referred to.

On the hearing of the motion to vacate the attachment, the plaintiff introduced in evidence an exemplified copy of the record from the court of common pleas of Crawford county, State of Pennsylvania. This record is as follows: "Copy of continuous docket entry, February term, 1889. [Title.] By virtue of a power of attorney, C. W. Tyler, Esq., appears for defts., and confesses judgment against them, in favor of plff., for the sum of five hundred and seventy-seven and 50-100 dollars, with costs of suit, release of errors, and waiving exemptions and inquisition. Debt, $577.50. Interest from June 11, 1889. Judgment. A. B. Edson, Pro. Due June 11, 1889. Filed and entered May 8, 1889. A. B. Edson, Pro." This, with the declaration and judgment docket entry of the names of the parties, date and amount of judgment, constitutes the entire record as certified to by the prothonotary. There is no record of any process or plea; no record of any service, or appearance by the defendants, or either of them; and, at the time of the entry of this alleged judgment, nothing was due upon the note. It had over a month yet to run before its maturity. Neither is there an adjudication of any court that defendants should pay anything, or that plaintiff should have execution, or process of any kind to enforce collection of any sum. There was no evidence adduced on the hearing of any law of Pennsylvania that would authorize a judgment on a note before it becomes due by its terms, or that in any way explains the meaning of this record. It does not appear from this record that there was any judgment in favor of the plaintiff, and against the defendants, for any sum of money, that would justify the presumption that any question was adjudicated between the parties. The essential elements of a judgment are wanting. A judgment is defined to be "the conclusion of law upon facts found or admitted by the parties, or upon their default in the course

of the suit; the decision or sentence of the law, given by a court of justice or other competent tribunal, as the result of proceedings instituted therein for the redress of an injury." Bouv. Law Dict. 760. In Teel v. Yost, *supra*, which was a case in which a judgment on a similar note before its maturity, and record from the State of Pennsylvania, was sought to be enforced in the State of New York, the court says: "In the absence of the process to bring the defendant before the court, and of an order or decree which is an adjudication, and with no proof of the law or practice in Pennsylvania which provided that such a record was, in effect, an adjudication, the evidence was insufficient to prove that the plaintiff had recovered a judgment againt the defendant. I think, therefore, that plaintiff failed to prove the cause of action set forth in the complaint, and that the complaint should have been dismissed." If the proof offered would not sustain an action on the trial, it will not be sufficient to show that the grounds of the claim as stated are sufficient to sustain the attachment. We think, therefore, the court was right in vacating and setting aside the attachment on the first ground stated in the motion; and, without passing upon the second and third grounds of the motion, we think the order of the court should be affirmed, and it is so ordered.