COMMERCIAL BANK OF UNION CITY, IND. v. JACKSON *et al.*

1. An averment that certain notes were held by plaintiff as collateral security, in an answer to a complaint alleging that plaintiff owned them, is not available to plaintiff to dispense with proof that the notes were held as collateral.

2. Defendant's indebtedness to plaintiff bank was secured by trust deeds of land to its cashier. The land was sold, and the purchase-money mortgage and notes turned over to the bank, whereupon the cashier sent defendant a statement of account, reciting the terms on which the notes were held by plaintiff. *Held*, in an action to foreclose the mortgage, that such recitals were an admission by plaintiff.

3. It will be presumed that the law of Illinois in respect to the order of payment to holders of notes secured by the same mortgage out of the proceeds of foreclosure is the same as that of South Dakota, where rights under a mortgage on lands in South Dakota are governed by a contract executed in Illinois.

(Opinion filed April 16, 1897.)

Appeal from circuit court, Minnehaha county. Hon. F. R. AIKENS, Judge.

On rehearing. Action to foreclose a mortgage. Plaintiff had judgment, and defendant Jackson appealed. In an opinion reported in 7 S. D. 135, 63 N. W. 548, the judgment was modified. In this opinion upon the rehearing the former decision is adhered to.

*Davis, Lyon & Gates*, for appellant.

*Stoddard & Wilson*, for respondent.

HANEY, J. The issues presented by this appeal are stated and exhaustively discussed in the decision heretofore filed and reported. 7 S. D. 135, 63 N. W. 548. Both parties petitioned for a rehearing—appellant contending the judgment of the lower court should have been reversed; respondent, that it should have been affirmed without modification. After a careful re-examination of the record, and consideration of the able arguments of counsel upon the rehearing, the court is constrained to adhere to the views expressed in its former opinion, adding to the rea-

sons therein assigned a few observations in support of the modifications.

Respondent seems to be content with the *pro rata* rule as announced, but insists it has been wrongly applied in this case. It is contended that appellant is precluded from invoking it, for the reason that she alleges in her affirmative defense that the two $2,000 notes "were also turned out to be held by said bank as collateral to the payment of the first two of said notes." Assuming that, if it was agreed between her and the bank that her note should be held as collateral to the others, the others should be first paid out of the proceeds of the sale, there is no error in our former decision, because the existence of such an agreement does not appear from the record before us. It is true that the admission or averment in an answer of any fact alleged in the complaint establishes the existence of such fact, and renders evidence thereof unnecessary. McLaughlin v. Alexander, 2 S. D. 226, 49 N. W. 99; Humpfner v. D. M. Osborne & Co., 2 S. D. 310, 50 N. W. 88; Calkins v. Mining Co.. 5 S. D. 299, 58 N. W. 797; Myrick v. Bill, 3 ,Dak. 284, 17 N. W. 268. In the case last cited, wherein the doctrine is extended to the utmost limit, its operation is restricted to an admission or averment which establishes plaintiff's right, and we are strongly inclined to the opinion that it should apply only where the admission or averment relates to a fact alleged in the complaint. Ordinarily plaintiff's right of action must depend upon the facts alleged in his complaint, and, if it fails to state a cause of action, he cannot recover. The abstract does not contain the complaint. It is stated that it is in the usual form for the foreclosure of real estate mortgages. Hence we presume it alleges ownership of all the notes by the plaintiff. Appellant's averment that the two $2,000 notes are held as collateral security is not an admission of any fact alleged in the complaint. The averment being new matter in the answer, not relating to a counterclaim, is, in the absence of any evidence, to be taken as controverted. Were the same fact alleged in the complaint it

would be taken as true, without evidence, because not contro-
verted in the answer. Comp. Laws, § 4933. If appellant is
precluded from proving a state of facts different from that al-
leged in her answer, plaintiff is equally bound by the allega-
tions of its complaint. It would seem that a material issue is
raised by the pleadings concerning the manner in which the
notes were held by the bank, upon which it is doubtful whether
any proper finding was made by the referee. McKenna v.
Whittaker (S. D.) 69 N. W. 587. But as neither party here, or
in the court below, objected to the referee's report for failure
to find on all the material issues, we think the recitals con-
tained in the statement sent appellant by Rubey, and which is
made a part of the referee's decision, should be accepted as
correctly stating the facts. We must presume it was properly
received in evidence. As an admission of the manner in which
the notes are held by the bank, it is, in the absence of any evi-
dence or any finding to the contrary, conclusive upon the
plaintiff. The contents of the statement, and construction to
be given it, are fully considered in our former opinion.

It is suggested further that plaintiff's notes should be first
paid, because the *pro tanto* rule is recognized in Indiana. This
cannot be so. It will be presumed the law of Illinois on
this subject is the same as the law of this state. The court has
decided the contract by which the bank acquired its rights was
made in Illinois, and the land mortgaged to secure the notes is
located in this state. Thomas v. Pendleton, 1 S. D. 150, 46 N.
W. 180; Meuer v. Railway Co., 5 S. D. 568, 59 N. W. 945; Sand-
meyer v. Insurance Co., 2 S. D. 346, 50 N. W. 353. The judg-
ment below must be modified by providing that the proceeds
arising from the sale of the mortgaged premises, after paying
the attorney's fees, costs, and charges of sale, shall be paid to
plaintiff and appellant Lydia E. Jackson, in the proportion of
two-fifths to her and three-fifths to the plaintiff; and the judg-
ment, when so modified, is affirmed—the parties, respectively,
to pay their own costs, including the costs of the rehearing.