STATE OF MISSOURI, Respondent, v. FRENCH et al., Defendants; McNATT, Appellant.

St. Louis Court of Appeals, April 10, 1906.

1. JUDGMENT: Definition. A number of authorities are reviewed defining what it takes to constitute a judgment.

2. ———: ———: Order Taxing Costs Against Prosecuting Witness. Where parties were held to await the action of the grand jury on charge of felony and discharged because no indictment was found, an order of the court taxing costs against the prosecuting witness was not a judgment and therefore an action and could not be maintained to revive it.

Appeal from McDonald Circuit Court.—*Hon. Henry C. Pepper,* Judge.

REVERSED.

*McNatt & McNatt* for appellant.

(1) In order to bind a person and his property by a judgment, it must appear that he was a party to the suit or proceeding, legally brought into court and given a hearing. Newton v. Newton, 32 Mo. App. 162; Duggs v. Stumpe, 73 Mo. 513. "A prosecuting witness is no party to the prosecution; the State and the defendant are the only parties to the record." State v. Foyce, 53 Mo. 338. (2) A judgment sufficient to authorize a re-

vival of a lien must be such a judgment as would authorize the clerk to issue an execution thereon; it must be definite and certain and not left to computation. 12 Am. and Eng. Ency. Law (1 Ed.), pp. 74, 104; Mosher v. Uninth County, 2 Wy. 443.   (3)  The judgment introduced in evidence is void, in not being definite and certain in its terms; "A judgment should show the plaintiff who recovers, the defendant against whom the recovery is had, and the special thing or amount of money recovered."   Spence v. Simmons, 16 Ala. 395; Freeman on Judgments (4 Ed.), secs. 50a, and 50b.

*J. A. Sturges* and *John T. Sturgis* for respondent.

(1)  Our courts have always assumed without question that the prosecutor was in court and that judgment could be rendered against him on the termination of the criminal case in which he was the first mover.   State ex rel. Bante, 34 Mo. App. 311; State v. Huiatt, 31 Mo. App. 302; State v. Lavelle, 78 Mo. 104; White v. Walker, 22 Mo. 433; State v. Fawcett, 16 Mo. 380; State ex rel. v. Smith, 81 Mo. App. 671.   (2)  The prosecutor is as much a party to the suit and in court as an ordinary surety for costs and this court has always held that judgment for costs could be rendered against a security for costs without any notice to or service of process on him.   McCartney v. Alderson, 49 Mo. 457; Hamilton v. Moody, 21 Mo. 79; Davis v. Farmer, 28 Mo. 54.

BLAND, P. J.—This is an appeal from a judgment of the McDonald Circuit Court, reviving a so-called judgment of said court in favor of the State and against Oscar McNatt, entered on August 10, 1900, for the sum of $123.75, the costs accrued and taxed in the case of the State of Missouri against Charles French, John McDonald and James Peters.   The judgment sought to be revived was rendered against McNatt, as the prosecuting witness in a proceeding instituted before a justice of the

peace, wherein McNatt, by his affidavit, charged said French, McDonald and Peters with burglary for breaking into and entering a flouring mill of J. J. McNatt, on May 29, 1900, in the county of McDonald. It appears that at the preliminary hearing before the justice, said French, McDonald and Peters were committed to the jail of said county to await the action of the grand jury on the said charge of burglary; that the grand jury of said county afterwards ignored the bill and the said defendants were discharged. It appears that on the report of the grand jury, that the bill had been ignored, the court, on motion of the prosecuting attorney made the following so-called judgment:

"State of Missouri v. Chas. French et al., Burglary.

"All costs taxed the prosecuting witness, O. R. McNatt, sec. 2835, R. S. 1899. It appearing to the court that the above-named defendants had been held to await the action of the grand jury and that said jury failed to find an indictment against them, it is therefore ordered in accordance with section 2835, R. S. 1899, that all costs be taxed against O. R. McNatt, the prosecuting witness."

Section 2834, Revised Statutes 1899, reads as follows:

"In all cases where any person shall be committed or recognized to answer for a felony, and no indictment shall be found against such person, the prosecutor, or person on whose oath the prosecution was commenced, shall be liable for all the costs incurred in that behalf; and the court shall render judgment against such prosecutor for the same, and in no such case shall the State or county pay such costs."

Section 2835, Revised Statutes 1899, cited in the order of the court taxing the costs, has no application to the facts in the case. It provides, in substance, that if the prisoner (charged with the felony) is discharged by the justice taking the examination, he shall enter

118 App—2

judgment against the prosecuting witness for the costs and issue execution therefor. The citation of this section in the order of the court is, perhaps, an error of the printer, and section 2834 should have been named.

At the threshold of the case we are confronted with the question, whether or not the judgment which the court sought to revive is in fact a judgment. Black defines a judgment as "the determination or sentence of the law, pronounced by a competent judge or court, as the result of an action or proceeding instituted in such court, affirming that, upon the matters submitted for its decision, a legal duty or liability does or does not exist." [1 Black on Judgments (2 Ed.), p. 2.]

In Orvis v. Elliott, 65 Mo. App. l. c. 101, quoting from a note to page 1 (1 Black on Judgments), the Kansas City Court of Appeals said: "A judgment is the final consideration and determination of a court of competent jurisdiction upon the matters submitted to it."

In respect to the language of a judgment, Black (at p. 6, vol. 1) says:

"A judgment, though pronounced or awarded by the judges, is not their determination and sentence, but the sentence and determination of the law, which depends, not upon the arbitrary opinion of the judge, but the settled and invariable principles of justice, and is the remedy prescribed by law for the redress of injuries, and the suit or action is the vehicle or means of administering it; and therefore the style of the judgment is not that 'it is ordered or resolved by the court,' for then the judgment might be their own, but 'it is considered' — '*consideratum est per curiam*,' which implies that the judgment is none of their own, but the act of the law, pronounced and declared by the court upon determination and inquiry. At the same time there is no magic in this formula; nor is it a conclusive criterion whether a definitive judgment has been rendered that the entry employs or omits the usual phrase, 'it is considered.' A judgment may be final and subject to review on writ of error, as

well when entered without as with that clause. The usual style of a decree is 'it is ordered, adjudged, and decreed:' and of an order or rule, 'it is ordered,' etc."

In In re Sedgeley Avenue, 88 Pa. St. l.c. 513, speaking of a judgment, the court said: "It is the conclusion that naturally and regularly follows from the premises of law and fact, and depends not therefore on the arbitrary caprice of the judges, but on the settled and invariable principles of justice. The judgment, in short, is the remedy prescribed by law for the redress of injuries, and the suit or action is the vehicle or means of administering it, and the language employed to express the determination of the law is, 'it is considered—*consideratum est per curiam*—that the plaintiff do recover his damages, his debt, his possession and the like.' "

In Plant et al. v. Gunn et al., 19 Fed. Cases l. c. 803, the court said: "A judgment is the decision or sentence of the law upon facts found or admitted by the parties or upon their default in the course of a suit. [Tidd, Prac., 930.] But a bare decision of a court is not a judgment; there must be a formal order entered upon it."

In Gray v. Cederholm, 3 Pac. Rep. 12, it was held: "Entries in the docket of the probate court that complaint was filed, summons issued and served, demurrer to complaint filed, and the entry of fees for overruling demurrer and entering default, with the following entries: 'To entering final judgment, $1.00; certified copy for roll, $1.50; docketing judgment, 50 cents; making judgment roll, 50 cents; sheriff's fees, $5.00; damages, $310.00'—do not constitute a judgment for either party, and an appeal from such a judgment to the district court will not lie." At page 13 the court said: "It [the entry] has none of the elements of a judgment. It is nowhere stated that it is adjudged, ordered, decreed, or considered that the plaintiff should have or recover of defendants, nor that defendants should have or recover of plaintiff, the sum of $310, or any other sum."

Teel v. Yost, 5 N. Y. Supp. 5, was a suit on a judg-

ment rendered by a court of common pleas of the State of Pennsylvania. The record entry of the judgment was as follows: "Continuance Docket. Entry of December term, 1877. Lewis M. Teel v. Abraham Yost, *d. s. b.*, $2,268. And now, January 14, 1878, a single bill under the hand and seal of the defendant, dated January 12, 1878, wherein he promises to pay to the plaintiff, or order, one year after date, $2,268, containing a clause authorizing the entry of judgment, waiving stay of execution, with ten per cent for collection fees, is produced hereto, to have judgment thereon. Wherefore judgment." Of this record, the court said: "There is no adjudication of the court that defendant should pay anything, or that the plaintiff should recover anything, or that plaintiff should have execution or process of any kind to collect anything;" and held that the action could not be maintained.

In Baker v. State, 3 Ark. l. c. 492, on a verdict of guilty returned by a jury, the court made the following entry of record: "On this day came the attorney for the State, and the said defendant was brought to the bar of this court, in the custody of the sheriff, and the court proceeded to pass the sentence of the law on the said defendant, in accordance with the verdict of the jury in this case, as follows, to-wit: Ordered by the court, that the said defendant, Franklin T. Baker, alias Franklin T. Beiquett, be committed to the jail and penitentiary house of the State of Arkansas, for the full space and term of five years from the twenty-sixth day of March, A. D. 1841, for shooting with intent to kill; and that he pay all the costs of this prosecution, and stand committed until the sentence of the law is fully complied with." The cause was appealed to the Supreme Court, where the appeal was dismissed for the reason no judgment had been entered. At page 492 the court said: "A judgment, though pronounced or awarded by the judges, is not their determination and sentence, but the sentence and determination of the law, which depends, not upon the arbitrary

opinion of the judge, but the settled and invariable principles of justice, and is the remedy prescribed by law for the redress of injuries; and the suit or action is the vehicle or means of administering it; and, therefore, the style of the judgment is not 'That it is ordered or resolved by the court,' for then the judgment might be their own; but 'It is considered,'—*Consideratum est per curiam,'* which implies that the judgment is none of their own, but the act of the law, pronounced and declared by the court, upon determination and inquiry."

Our statute (sec. 766, R. S. 1899) defines a judgment as, "The final determination of the right of the parties in the action."

In State ex rel. v. Klein, 140 Mo. l. c. 510-11, 41 S. W. 895, the court said:

"By a final judgment the rights of the parties in respect to the matter litigated, are settled and concluded, so far as the court which rendered it is concerned. 'It must appear to be in favor of one party and against the other. It must purport to be the actual and absolute sentence of the law, as distinguished from a mere finding that one of the parties is entitled to a judgment.' [Black on Judgments, sec. 3; State v. Sutterfield, 54 Mo. 394; Railroad v. Railroad, 94 Mo. 542, 6 S. W. 691; Stickler v. Tracy, 66 Mo. 465.] 'A judgment, though upon the merits or determining some substantial right, which leaves necessary further judicial action before the rights of the parties are settled, is not final.' [1 Freeman on Judgments, sec. 15.] A judgment is the decision or sentence of the law, given by a court of justice or other competent tribunal, as the result of proceedings instituted therein for the redress of an injury. [Bouv. Law Dic.; 3 Black. Com., 395.]

"From these definitions it is clear that a finding of facts or the declaration of the rights of the parties are not final judgments. There must be a sentence of the court that the parties have the rights to which they are found to be entitled. And this sentence follows of

course, and as a matter of right, from an application of the law to the facts found. A declaration of the rights of the parties is wholly fruitless unless such rights can be enforced, and for their enforcement the parties are. entitled to a final judgment."

Tested by these authorities, the entry of the so-called judgment of August 10, 1900, on the records of the McDonald Circuit Court, is not a judgment, and for this reason the action cannot be maintained.

The judgment is reversed. All concur.