**DUDLEY SPECIAL ROAD DISTRICT OF STODDARD COUNTY et al., Plaintiffs-Respondents,**

v.

**Glin HARRISON, Sr., and Bessie Harrison, his wife, Defendants-Appellants.**

**No. 9547.**

Missouri Court of Appeals, Springfield District.

Oct. 29, 1974.

Powell, Ringer & Baker, Dexter, for defendants-appellants.

C. H. Parsons, Jr., Claude E. Arnold, Dexter, for plaintiffs-respondents.

PER CURIAM:

This appeal was filed originally in the Supreme Court of Missouri. Noting that it lacked jurisdiction, that court transferred the cause here. Dudley Spec. Road Dist. of Stoddard County v. Harrison, 494 S.W.2d 315 (Mo.1973).

In Count I of the petition the respondents, plaintiffs below, sought an injunction compelling the defendants to remove a levee. Counts II to VIII of the petition contained claims for damages, actual and punitive. The defendants filed a counterclaim in two counts. Count I of the counterclaim sought injunctive relief restraining the plaintiffs from entering upon the lands of the defendants; from molesting, harassing, intimidating and threatening the defendants and others; and from molesting and damaging the levee. Count II of the counterclaim sought damages.

By agreement of the parties, the case was tried only on Count I of the petition and Count I of the counterclaim. The damage counts of the petition and the counterclaim remain pending in the trial court, and are not here involved.

The trial of the injunctive counts (Count I of the petition and Count I of the counterclaim) was in two stages. At the conclusion of the first stage the trial court, on April 3, 1970, entered a judgment finding the issues in favor of the plaintiffs with respect to both injunctive counts. However, on April 14, 1970, after the defendants had filed post-trial motions, the court set aside the judgment of April 3, 1970, and ordered an additional hearing. On November 9, 1970, after the second hearing had been held, the court entered its judgment finding the issues on Count I of the petition in favor of plaintiffs and awarding them injunctive relief. However, that judgment made no disposition of Count I of the counterclaim.

■ ■ The right of appeal is purely statutory. To be ripe for appeal, a judgment must finally dispose of all issues raised by the pleadings, and it is the duty of an appellate court, sua sponte if not otherwise, to determine if a final appealable judgment has been rendered before it undertakes to consider the matter on its merits. Wile v. Donovan, 514 S.W.2d 177 (Mo.App.1974); Starnes v. Aetna Casualty and Surety Company, 503 S.W.2d 129, 130[1] (Mo.App. 1973); Young v. Raupp, 301 S.W.2d 873 (Mo.App.1957).

■ The failure of the judgment to dispose of the issues raised by Count I of the counterclaim, and plaintiffs' reply thereto, necessitates a dismissal of this appeal because of its prematurity.

The appeal is dismissed.

All concur except BILLINGS, J., who took no part in consideration or decision of this case, and FLANIGAN, J., who did not participate because he was not a member of the court when this cause was submitted.