**Harry Don PHELPS and Melba Phelps, Plaintiffs-Appellants,**

v.

**Danny Ray PARKER, Defendant-Respondent.**

No. 10058.

Missouri Court of Appeals, Springfield District.

Feb. 23, 1976.

Michael D. Talley, Thomas & Talley, Joplin, for plaintiffs-appellants.

Karl W. Blanchard, Blanchard, Van Fleet, Martin, Robertson & Dermott, Joplin, for defendant-respondent.

## PER CURIAM:

The transcript filed herein, as confirmed by a certified copy thereof supplied at our request, shows a purported judgment as set forth in the appendix to this opinion.

■■■ "Judgment" is defined as "the final determination of the rights of the parties in the action" (Rule 74.01, V.A.M.R.), and it is settled that a final judgment "must purport to be the actual and absolute sentence of the law, as distinguished from a mere finding that one of the parties is entitled to a judgment." 1 Black on Judgments (2d Ed.), § 3, at p. 8. There is a clear distinction between a verdict and a judgment; a verdict is the jury's finding on the facts, whereas a judgment is a judicial action of the court. 46 Am.Jur.2d, Judgments, § 4, pp. 315–316, and § 8, at p. 317. A verdict is not a judgment (49 C.J.S. Judgments § 4, at p. 28) and has no finality until a judgment thereon has been entered. *Moore v. Standard Life and Accident Insurance Co.*, 504 S.W.2d 373, 375[6] (Tenn.App. 1972). Since the jury's verdict does not constitute a judgment [*G. Amsinck & Co. v. Springfield Grocer Co.*, 7 F.2d 855, 858 (8th Cir. 1925)], it cannot be transformed into a judgment by the simple process of being so labeled by the clerk, the court reporter or the plaintiffs in their notice of appeal. *Williams v. Williams*, 480 S.W.2d 525, 527 (Mo. App.1972).

■■ No judgment having been rendered or entered on the verdict in favor of defendant on plaintiffs' claims and in favor of plaintiff Harry Don Phelps on defendant's counterclaim, we have no jurisdiction of this premature appeal and it is dismissed. *Peacock v. City of Dexter*, 530 S.W.2d 272 (Mo.App.1975).

It is so ordered.

All concur.

## APPENDIX

### *Judgment*

Now on this day this cause comes on for further hearing; the Plaintiffs appear again by Thomas and Talley, their attorneys, and the Defendant appears again by Blanchard, Van Fleet, Martin, Robertson & Dermott, his attorneys, and come again the following jurors heretofore empaneled, sworn and charged to try this cause to-wit: 1. Linda Houston; 2. James E. Widener; 3. Charles Woody; 4. Boyd D. Call; 5. Mona McGaw; 6. Oral D. Rose; 7. John Lizotte; 8. Harry H. Weber; 9. William H. Kerr, Jr.; 10. James R. Williams; 11. Charles L. Summers; 12. Theodore M. Johns, and the trial of this cause is resumed, and the Jury having heard a part of the evidence. At the close of Plaintiffs' evidence, the Defendant files a motion for a directed verdict and after being duly considered by the Court, said motion is overruled. Defendant puts on rebuttal. Defendant presents evidence, and at the close of Defendant's and Plaintiffs' evidence the Defendant files motion for a directed verdict and after being duly considered by the Court, said motion is overruled. At the close of all evidence, the Plaintiffs files [sic] a motion for a directed verdict as to the Defendant's Counter-claim and after being duly considered by the Court, said motion is overruled. After hearing the arguments of counsel and receiving the instructions of the Court, the Jury retires in charge of the Sheriff to consider of their verdict. After due deliberation, the Jury returns into Court the following verdict, to-wit:

We, the jury, find the issues in favor of the Defendant on Plaintiffs' claims and in favor of the Plaintiff Harry Don Phelps on Defendant's counter-claim.

/s/ Charles Woody

Foreman