**Richard COCHRAN and Connie Cochran, Plaintiffs-Appellants,**

v.

**Henry DeSHAZO and Margaret DeShazo, Defendants-Respondents.**

No. 9813.

Missouri Court of Appeals, Springfield District.

June 24, 1976.

R. Jack Garrett, Michael L. Shortridge, West Plains, for plaintiffs-appellants.

John C. Holstein, Moore & Brill, West Plains, for defendants-respondents.

Before STONE, P. J., and TITUS and FLANIGAN, JJ.

STONE, Presiding Judge.

On February 28, 1973, plaintiffs Richard Cochran and Connie Cochran instituted an action in the Circuit Court of Howell County docketed as *No. 6847* in which they sought to enjoin defendants Henry DeShazo and Margaret DeShazo from "trespassing on and harvesting and cutting the timber and crops from" land allegedly described in a so-called "Option to Buy Additional Acres"; and, after the filing and approval of an injunction bond, a temporary restraining order was entered in that case. In due time, defendants DeShazo filed (a) their *answer* in which they denied, inter alia,

"that the parties ever agreed upon any specific property to be conveyed" and averred that the alleged option agreement not only was unenforceable for that reason but also because it was "without consideration," and (b) their *counterclaim* in which they averred that, by reason of plaintiffs' allegedly "wrongful and malicious allegations and actions" and "as a direct result of said malicious and untruthful allegations and statements," defendants lost sales of timber from the tract wrongfully claimed by plaintiffs to have been subject to the purported option agreement, all of which had caused defendants to suffer damages of $7,500 for which they prayed judgment against plaintiffs.

On February 26, 1974, plaintiffs instituted another action against defendants in the Circuit Court of Howell County docketed as *No. 7193,* in which they sought, in the first count of their petition, a decree compelling specific performance of the claimed option by conveyance of the land allegedly described therein and, in the second count, damages of $10,000 said to have been sustained by reason of defendants' failure to comply with the claimed option.

Thereafter, by agreement of counsel, the two cases were consolidated and tried to the court. The *minute or docket entries* reflecting filings and proceedings prior to and on the date of trial were sprinkled through the transcript on appeal filed in this court but, as the transcript approved by counsel came to us, it included nothing which even purported to be a *judgment.* In response to a subsequent gratuitous, unrequired and mayhap unwarranted inquiry, the following *minute or docket entries* were collected on a single page under the caption "Judgment" and offered to us as such:

"Now on this 13th day of June, 1974, parties in person and by counsel. Trial to Court on issues. Plaintiffs close evidence and at close of plaintiffs' case the defendants *move* for a directed *verdict* for defendants. The motion is sustained. *Verdict* for defendants and against plaintiffs on both counts of plaintiffs' petition for specific performance and damages, and

on action for injunction in Case # 7193, at plaintiffs' costs." (Emphasis ours)

■ We observe parenthetically that, in legal proceedings, a "verdict" is the decision of a *jury* upon an issue or issues of fact submitted for their deliberation and determination [*State ex rel. Vogel v. Campbell,* 505 S.W.2d 54, 56–57(1) (Mo. banc 1974); *State v. Casey,* 338 S.W.2d 888, 891(5) (Mo. 1960); *Home Trust Co. v. Josephson,* 339 Mo. 170, 184, 95 S.W.2d 1148, 1155(11), 105 A.L.R. 1063; *Howser v. Great Western R. Co.,* 319 Mo. 1015, 5 S.W.2d 59, 64–65 (1928)], and that in the *court-tried* case at bar the filing and ruling of a "Motion for Directed Verdict" and the recordation of a "[v]erdict for defendants and against plaintiffs . . ." were patently inappropriate and improper. In this connection, see Rule 67.-02. (All references to rules are to Supreme Court Rules, V.A.M.R., and all statutory references are to RSMo 1969, V.A.M.S.)

■ In Missouri, the right of appeal is purely statutory [Rule 81.01; *Dudley Special Road Dist. of Stoddard County v. Harrison,* 515 S.W.2d 597, 598(1) (Mo.App.1974); *United Security Ins. Co. v. Volkswagen of America, Inc.,* 447 S.W.2d 585, 588(1) (Mo. App.1969); *Hoevelman v. Reorganized School Dist. R2 of Crawford County,* 430 S.W.2d 753, 754(2) (Mo.App.1968)]; and, as relevant here, § 512.020 grants this right of appeal only to parties who may be aggrieved by "any final judgment in the case," a judgment being defined as "the final determination of the rights of the parties in the action." Rule 74.01; § 511.020. To be final and appealable, a judgment must dispose of all parties and all issues in the case and must leave nothing for further determination. *Elliott v. Harris,* 423 S.W.2d 831, 832(1) (Mo. banc 1968); *New Age Federal Savings and Loan Ass'n v. Miller,* 461 S.W.2d 876, 878–879 (Mo.1970).

■ Furthermore, a final judgment "must purport to be the actual and absolute sentence of the law, as distinguished from a mere finding that one of the parties is entitled to a judgment" [1 Black on Judgments (2nd Ed.) § 3, l. c. 8; *State ex rel. St. Louis, K. & N. W. Ry. Co. v. Klein,* 140 Mo.

502, 510, 41 S.W. 895, 897; *Freeman v. McCrite,* 165 Mo.App. 1, 4, 147 S.W. 1102, 1103(2); *State v. French,* 118 Mo.App. 15, 21, 93 S.W. 295, 297], and " '[t]he mere ruling, decision or opinion of the court, no judgment or final order being entered in accordance therewith, does not have the effect of a judgment, and is not reviewable by appeal . . . .' " *McCoy v. Simpson,* 344 Mo. 215, 217, 125 S.W.2d 833, 834(1) (1939), and cases there collected. See *City of St. Louis v. Pope,* 68 S.W.2d 805 (Mo. banc 1934).

In the case at bar, the minute or docket entries in the post-transcript paper supplied to us by the circuit clerk were not transmogrified into a final judgment by being cognominated collectively as a "Judgment" in the caption of that paper, and such entries do not constitute a final judgment from which an appeal might be taken. *Williams v. Williams,* supra, 480 S.W.2d at 527(3); *City of Sikeston v. Missouri Utilities Co.,* 526 S.W.2d 401 (Mo.App.1975); *State v. Henderson,* 493 S.W.2d 31 (Mo.App.1973).

Moreover, those minute or docket entries neither expressly nor impliedly dis-posed of the pending counterclaim of defendants, who prevailed on plaintiffs' alleged causes of action, and accordingly that counterclaim remains pending and undetermined. Thus, *even if* (contrary to our recorded holding) the collection of minute or docket entries were regarded as a "judgment," those entries could not constitute a *final and appealable* judgment because they did not dispose of all parties and all issues in the case. *Collier v. Smith,* 292 S.W.2d 627, 629–630(1–3) (Mo.App.1956); *Ray Nolting Oldsmobile Co. v. 66 Watson Development Co.,* 518 S.W.2d 167, 169(1) (Mo.App. 1974); *L & L Leasing Co. v. Asher,* 440 S.W.2d 181, 182(4) (Mo.App.1969).

Plaintiffs' appeal is dismissed.

TITUS and FLANIGAN, JJ., concur.