**FIRST STATE BANK OF JOPLIN,**
**Plaintiff-Respondent,**

v.

**Burnal BROWN, Defendant-Appellant.**

**No. 10507.**

Missouri Court of Appeals,
Springfield District.

March 31, 1977.

Karl W. Blanchard, Jr., Blanchard, Van Fleet, Martin, Robertson & Dermott, Joplin, for plaintiff-respondent.

L. Thomas Elliston, Elliston & Webster, Webb City, for defendant-appellant.

PER CURIAM:

The transcript on appeal as approved by the parties,[1] reveals the following chronology:

*August 20, 1976*—The jury returned its verdict finding the issues in favor of the plaintiff and the court entered its minutes recasting, in summary, the case events of the day.

*September 3, 1976*—Defendant's motion for a new trial was filed.

*October 12, 1976*—Motion for a new trial was denied.

*October 14, 1976*—Defendant filed notice of appeal "from the Judgment entered in this action on the 12th day of October, 1976."

■ First we observe that no judgment was entered on October 12 as stated in the notice of appeal. In effect, the notice purports to be an appeal from the Order of October 12 denying the motion for new trial which is not an appealable order. *In Interest of R.L.P.*, 536 S.W.2d 41, 43[7] (Mo.App. 1976); *Cox v. Lee*, 530 S.W.2d 273, 274[1] (Mo.App.1975); *World Franchisers, Inc. v. Birk*, 456 S.W.2d 606, 607[1] (Mo.App.1970).

■ Secondly, we note that no judgment was ever entered in the case. "The right of appeal shall be as provided by law." Rule 81.01, V.A.M.R.; *Dudley Special Road District of Stoddard County v. Harrison*, 515 S.W.2d 597, 598[1] (Mo.App.1974). As germane here, § 512.020, V.A.M.S., grants the right of appeal only to parties who may be aggrieved by "any final judgment in the case." To be final and appealable, the judgment must purport to be the absolute and actual sentence of the law. This differs from a mere finding that one of the

---

1. By approving the transcript, the parties have signified to us that it "correctly includes all of the record, proceedings and evidence" in the case. Rule 81.12(c), V.A.M.R.

parties is entitled to a judgment. *Cochran v. DeShazo,* 538 S.W.2d 598, 600–601[5] (Mo. App.1976). The entry made by the court on August 20, as so labeled, was nothing more than a minute or docket entry which was not transmogrified into a final judgment by being denominated as such in defendant's defective notice of appeal or otherwise. The minute entry did not constitute a final judgment from which an appeal may be taken. *Williams v. Williams,* 480 S.W.2d 525, 527[3] (Mo.App.1972). No judgment having been rendered or entered on the verdict in favor of plaintiff, we have no jurisdiction of this premature appeal and it is dismissed. *Phelps v. Parker,* 534 S.W.2d 278, 279[5] (Mo.App.1976).

All concur.