**W. R. CORLEY, Plaintiff-Appellant,**

v.

**Fay McGAUGH, Defendant-Respondent.**

**No. 10688.**

Missouri Court of Appeals, Springfield District.

Aug. 17, 1977.

A. L. Shortridge, Joplin, for plaintiff-appellant.

Roger K. Fisher, Joplin, for defendant-respondent.

**PER CURIAM:**

Plaintiff's first amended petition was in two counts. Count I named McGaugh and Henning as defendants; Count II named McGaugh and Bowden as defendants. McGaugh answered. Bowden answered and crossclaimed against McGaugh. During the course of the bench-trial, although Henning had defaulted, plaintiff dismissed Count I without prejudice and the court dismissed the action "of the Plaintiff as to . . . Bowden." At the conclusion of the court's memorandum opinion it found "in favor of defendant . . . McGaugh, and against plaintiff on both plaintiff's petition and defendant's counterclaim, and . . . in favor of defendant . . . McGaugh and against [Bowden] on her cross-claim." On the same day (March 10, 1977), a "docket entry" was made. After plaintiff's motion for a new trial was overruled, he appealed from the "judgment entered in this action on the 10th day of March, 1977."

Except for the obvious lubberliness, the matter could be viewed as ludicrous. First, plaintiff dismissed his action against a defendant who had defaulted; second, the court seemingly entertained a counterclaim which was never filed; third, and more importantly, no judgment was entered in the case.

■ "The right of appeal shall be as provided by law" [Rule 81.01;[1] *Dudley Special Road District of Stoddard County v. Harrison*, 515 S.W.2d 597, 598[1] (Mo.App.1974)] and § 512.020 grants the right of appeal only to parties who may be aggrieved by "any final judgment in the case." To be final and appealable, the judgment must purport to be the actual and absolute sentence of the law. This differs from a mere finding that one or more of the parties may be entitled to a judgment. *Cochran v. DeShazo*, 538 S.W.2d 598, 600–601[5] (Mo.App. 1976).

■ By approving the transcript on appeal, the parties thereby represent to us that it correctly contains "all of the record" in the case. Rule 81.12(c); *State v. Asberry*, 553 S.W.2d 902 (Mo.App. filed July 14, 1977). Consequently, we may confidently assume that no final judgment was rendered or entered in the cause. Neither the

1. References to rules and statutes are to Missouri Supreme Court Rules of Civil Procedure, V.A.M.R., and to RSMo 1969, V.A.M.S.

memorandum opinion nor the docket entry constituted a final judgment from which an appeal could be taken, and neither was transmogrified into a final judgment by being denominated as such in plaintiff's notice of appeal. *First State Bank of Joplin v. Brown*, 549 S.W.2d 369, 370 (Mo.App. 1977). No judgment having been rendered or entered, we have no jurisdiction of this premature appeal and it is dismissed. *Phelps v. Parker*, 534 S.W.2d 278, 279[5] (Mo.App.1976).

All concur except FLANIGAN, J., who concurs in result.