**ALLIS–CHALMERS CREDIT CORPORATION, a Wisconsin Corporation, Plaintiff-Respondent,**

v.

**Johnny BAKER, Defendant-Appellant.**

No. 10770.

Missouri Court of Appeals, Springfield District.

Dec. 8, 1977.

Robert W. Evenson, Pineville, for plaintiff-respondent.

Abe R. Paul, Paul & Paul, Pineville, for defendant-appellant.

PER CURIAM:

Plaintiff brought suit to recover damages arising from the breach of an installment sale contract concerning an Allis-Chalmers mower-conditioner. Plaintiff proposed that a writ of replevin be issued, that the mower-conditioner be sold and that judgment be entered for any deficiency remaining under the contract. Defendant answered and filed a two-count counterclaim seeking damages for breach of warranty and misrepresentation.

Trial began on April 26, 1977. The case was taken under advisement by the court, and on May 2, 1977, the following entry was made:

"JUDGMENT

Now, on this 26th day of April, 1977, the plaintiff appears by and through its attorney, Robert W. Evenson, and the defendand [sic] appears by and through his attorney, Abe R. Paul, and both parties announce ready, and trial by court; the court having heard evidence and taken this matter underadvisement [sic] does on this 2nd day of May, 1977, enter the following judgment:

1. The Court finds the issues on the plaintiff's petition in favor of the plaintiff, and against the defendant.

It is hereby ordered, decreed and adjudged that the plaintiff have judgment against the defendant in the sum of $1,528.95, principal and in the sum of $3]5.00 [sic] for attorney fees, for an aggregate judgment in the amount of $1,843.95; it is further ordered, decreed and adjuged [sic] that the costs of this action be taxed against the defendant.

It is further adjudged by the Court that the prayer for Writ of Replevin is denied."

▮ In Missouri, appellate review is purely statutory and § 512.020, V.A.M.S., grants this right of appeal only where the judgment constitutes a final determination of all issues framed by the pleadings. *Cochran v. DeShazo*, 538 S.W.2d 598, 600[3, 4] (Mo.App.1976). The quoted judgment fails to dispose of appellant's counterclaim.

The appeal is premature and is dismissed.

All concur.