Andrew J. HOLLARS and Esther Hollars, his wife, Plaintiffs-Respondents,

v.

The CHURCH OF GOD OF the APOSTOLIC FAITH, INC., a corporation, Defendant-Appellant.

No. 10793.

Missouri Court of Appeals, Springfield District, En Banc.

Aug. 14, 1978.

Robert S. Wiley, Crane, for plaintiffs-respondents.

Keith V. Williams, Springfield, for defendant-appellant.

PER CURIAM.

Plaintiffs initiated suit to acquire access to their 40-acre tract of farm land in Stone County, Missouri. Said tract was separated from Highway 13 by a parcel of land owned by defendant and operated as the Old Elm Tree Church. Plaintiffs alleged that they should have access across the churchyard by virtue of (1) a prescriptive easement; (2) an easement pursuant to a contract between plaintiffs and the ruling body of the Old Elm Tree Church; and (3) a way of strict necessity. Defendant answered and counterclaimed for damages to the church property as a result of plaintiffs' past passage over said church property.

The matter came to trial and defendant moved to dismiss Count II of plaintiffs' petition at the close of plaintiffs' evidence. Said motion was granted and Count II was dismissed.

Thereafter, the court made findings of fact and conclusions of law and entered judgment. The court dismissed Count I of plaintiffs' petition. Further, the court declared plaintiffs were entitled to a private road of necessity and ordered the appointment of commissioners to view the land, mark the road, and assess damage to defendant's land.

The report of the commissioners was filed and defendant made and filed exceptions to the award and report of the commissioners. A jury trial was had and the jury assessed the damage to defendant's property in the sum of $500 for the taking of the roadway. Thereafter, judgment was entered.

■ In Missouri, appellate review is purely statutory and § 512.020, V.A.M.S., grants the right of appeal only where the judgment constitutes a final determination of all issues framed by the pleadings. *Cochran v. DeShazo*, 538 S.W.2d 598, 600(3, 4) (Mo.App.1976). The quoted judgment fails to dispose of defendant's counterclaim. *Al-*

*lis-Chalmers Credit Corp. v. Baker*, 559 S.W.2d 763, 764(2) (Mo.App.1977).

The appeal is premature and is dismissed.

All concur.