Darwin L. **LEWIS** and Sharon E. **Lewis, Appellants,**

v.

**In re the Estate of James S. HINSHAW, Deceased, Barton L. Warren, Executor, Respondents.**

**No. KCD 30563.**

Missouri Court of Appeals, Western District.

Dec. 31, 1979.

Harry H. Kay, Eldon, for appellants.

David Gregory Warren, Richland, David A. Yarger, Versailles, for respondents.

Before DIXON, P. J., TURNAGE and KENNEDY, JJ.

KENNEDY, Judge.

This is an appeal from the judgment of the circuit court against the claimants Lewis and in favor of the estate of the decedent Hinshaw, upon the appellant's claim against decedent's estate, for damage for conversion. We have determined that the judgment was not a final judgment because a counterclaim was not disposed of, and therefore not appealable. We must dismiss the appeal and remand the cause.

The claimants filed their claim in probate court against the estate of James S. Hinshaw, deceased, claiming damages for the conversion of various items of property, including, among others, 22 head of cattle of the alleged value of $6,600, and one gooseneck stock trailer of the value of $2,500. The total amount claimed for the various items was $13,025.

The estate counterclaimed in separate counts for $1,489 owing by the claimants to the decedent upon a certain promissory note, and an additional $2,100 lent by the decedent to the claimants.

After a trial in the probate court, the probate judge entered a judgment upon claimant's claim in their favor in the sum of $9,745. The probate court also found for the estate and against the claimants upon the promissory note in the amount of $1,489 with interest at an annual rate of 7 percent for a period of 18 months. The resultant $1,645.35 was, in the words of the judgment, "allowed as an offset . . . to the claim filed by Darwin L. Lewis and Sharon Lewis". The $2,100 item of the counterclaim was disallowed by the probate court.

The executor of the estate filed his "affidavit for appeal" which purported to appeal only from the "order and judgment of this court made on the 30th day of June, 1977, allowing judgment for claimants Darwin Lewis and Sharon Lewis in the total sum of $9,745." No reference was made to the judgment on the counterclaim. No appeal was filed by the claimant.

The case was tried *de novo* in circuit court, before the court without a jury. After the claimants' evidence upon the claim for damages for conversion had been presented, and claimants had rested their case, the estate moved the court "to dismiss the claim upon the grounds that the claimant has wholly failed to prove the allegations of the claim". The court sustained this motion, referring to it as a "motion for a directed verdict". The claimants had asked for findings of fact and conclusions of law, but the court declined to file findings of fact and conclusions of law, since the case was being disposed of upon the estate's motion.[1]

No evidence was presented on the counterclaim of the estate against the claimants Lewis, for the $1,489 claim on the promissory note, or for the $2,100 claim for money lent. The judgment of the circuit court recited, with respect to the counterclaim, "that the judgment rendered by probate court in favor of the estate and against said claimants on Count I of estate's counterclaim was not appealed by said claimants and is therefore a final judgment . . . and that execution may issue therefor . . . ."

The judgment of the probate court was a single judgment for the net amount due to the claimant. While in terms it gives judgment for the claimants against the estate of the decedent for $9,745 on their claim against the estate, and then separately gives judgment against the claimants in favor of the estate for $1,649, including principal of $1,489, and 18 months' interest at 7 percent per annum, it is merely a matter of arithmetic to determine the net

1. *See Cave v. Cave*, 593 S.W.2d 592 (Mo.App.1979).

amount owing by the estate to the claimants. There were not two judgments, one on the claim and one on the counterclaim. There was a single judgment in favor of the claimants. *State ex rel. Duraflor Products Co. v. Pearcy*, 325 Mo. 335, 29 S.W.2d 83, 86 (1930); *Riddle v. Dean Machinery*, 564 S.W.2d 238, 259 (Mo.App.1978); *Rehm v. Fishman*, 395 S.W.2d 251, 255 (Mo.App. 1965).

Having established that point, we go next to the estate's appeal to the circuit court. The "affidavit for appeal" purports to be only from the probate court's adverse judgment on the claimant's claim against the estate in the amount of $9,745. The estate carefully words its appeal so as to appeal only from that portion of the judgment. It makes no reference to the other portion of the probate court's judgment, which allows its counterclaim for $1,649 on the promissory note against the claimants and denies the $2,100 claim.

Such an affidavit undertakes to appeal from a portion of the judgment, which is not allowable. *Biederman Furniture Company v. Isbell*, 102 S.W.2d 746, 747 (Mo.App.1937). The case would have been subject to dismissal in the circuit court upon motion of the claimants, *In re Arnold's Estate*, 176 S.W.2d 837, 839 (Mo.App.1944), for the affidavit for appeal from less than the entire judgment was a defective and insufficient affidavit. *Biederman Furniture Company v. Isbell, supra.* Upon filing a motion for dismissal of the appeal on that ground, however, the estate could have filed a proper affidavit directly in circuit court and the appeal would have proceeded as it did. § 472.230, RSMo 1969. By claimants' failure to challenge the affidavit for appeal in the circuit court, the claimants waived the deficiency in the affidavit. *In re McArthur's Estate*, 240 Mo.App. 435, 207 S.W.2d 546, 548–9 (1948).

The effect of the affidavit for appeal, however, was to bring the entire case to the circuit court to be heard *de novo.* The circuit court was "possessed of the cause, and shall proceed to hear, try and determine the same anew . . . ", § 472.250, RSMo 1969 (now repealed).[2] It did not bring up only that portion of the judgment which awarded to claimants the $9,745 on their claim, but it brought up also the portion of the judgment which allowed the estate $1,649 on a portion of their counterclaim . . . and, for that matter, that portion of the probate court's judgment which denied a part of the estate's counterclaim against the claimants. It brought to the circuit court for trial *de novo* the whole of claimant's claim and the whole of the estate's counterclaim, to be litigated anew in the circuit court just as if it had never been tried in probate court. *State ex rel. Duraflor Products Co. v. Pearcy, supra* at 86; *State v. Nangle,* 349 S.W.2d 508, 515 (Mo.App.1961).

The circuit court's judgment says that it "finds that the only issue before it is the claim of Darwin L. Lewis and Sharon E. Lewis, and that the judgment rendered by probate court in favor of the estate and against said claimants on Count I of estate's counterclaim was not appealed by said claimants and is therefore a final judgment . . . It is therefore ordered, adjudged and decreed . . . that the judgment entered by the Probate Court of Miller County in favor of the estate and against claimants on Count I of estate's counterclaim against said claimants was not appealed from and is therefore a final judgment and that execution may issue therefor . . . " While some of this language indicates that the *probate court* judgment upon the counterclaim was deemed to have become a final judgment of the *circuit court,* yet the document as a whole can only mean that the court considered the judgment on the counterclaim as still reposing in the probate court, final and unappealable, as a judgment of that court. We have

---

2. Similar language is used in mandating a *de novo* trial upon appeals from magistrate court judgments, § 512.270, RSMo 1969 (now repealed) and in its predecessor statute relating to appeals from justice court judgments. The *Pearcy* and *Biederman Furniture* cases, cited in the opinion, deal with justice court or magistrate court appeals.

seen, however, that the counterclaim, as a part of the cause, was in the circuit court, brought there by the appeal for trial *de novo.* As earlier noted, no evidence was presented in support of the counterclaim. Neither was there any order for a separate trial of the counterclaim, and Supreme Court Rule 81.06 is not applicable. The counterclaim was undisposed of by the circuit court judgment.

█ A circuit court judgment which fails, as this one does, to dispose of a counterclaim is not final and appealable. § 512.-020, RSMo 1978. *Allis-Chalmers Credit Corp. v. Baker,* 559 S.W.2d 763 (Mo.App. 1977); *L & L Leasing Co. v. Asher,* 440 S.W.2d 181 (Mo.App.1969). This is a matter which we must notice *sua sponte. Pizzo v. Pizzo,* 365 Mo. 1224, 295 S.W.2d 377 (banc 1956); *Lawrence v. Steadley Co., Inc.,* 566 S.W.2d 518 (Mo.App.1978); *Beezley v. National Life & Accident Insurance Co.,* 464 S.W.2d 535 (Mo.App.1971).

The appeal must therefore be dismissed and the cause remanded to the circuit court for further proceedings. *Woods v. Juvenile Shoe Corp. of America,* 361 S.W.2d 694 (Mo. 1962); *State ex rel. Duraflor Products Co. v. Pearcy, supra* at 89.

All concur.