**CITY OF FENTON, Missouri, Plaintiff-Appellant,**

**v.**

**Robert K. ANDERSON, et al., Defendants-Respondents-Appellants.**

**No. 43344.**

Missouri Court of Appeals, Eastern District, Division Three.

June 9, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 10, 1981.

Wm. James O'Herin, St. Louis, for plaintiff-appellant.

Arthur E. Herder, Jr., Cynthia Morris, St. Louis, for defendants-respondents-appellants.

CRIST, Presiding Judge.

Finality of judgment for appeal purposes. Both parties appeal. Appeals dismissed.

The City of Fenton (hereinafter "City") filed its petition for injunction against respondents-appellants (hereinafter "Anderson") to enjoin Anderson from engaging in the business of used car sales at his residence. Concurrently therewith, City filed a motion for temporary restraining order. The trial court issued its temporary restraining order subject to a $1,000.00 bond requirement.

Anderson filed an answer and counterclaim. The counterclaim asked for attorney fees and punitive and actual damages. The counterclaim was not a suit on the bond. See, *Hamilton v. Hecht,* 299 S.W.2d 577, 579–580 (Mo.App.1957) and *J & P Trust v. Continental Plants Corp.,* 541 S.W.2d 22, 26 (Mo.App.1976).

On January 17, 1980, trial began on the temporary restraining order. Following the testimony, the parties agreed with the court to submit for its consideration the petition for injunction as well as the temporary restraining order. The counterclaim was not submitted.

On March 7, 1980, the trial court dissolved the temporary restraining order and denied the petition for permanent injunction. Although no evidence was presented on the counterclaim and the counterclaim had not been submitted to the trial court for decision, it found against Anderson on his counterclaim. Therefore, the order on the counterclaim was a nullity.

For the reason the judgment did not dispose of the counterclaim, it was not final and appealable. *Lewis v. Estate of Hinshaw*, 592 S.W.2d 536, 539 (Mo.App.1979). We make no ruling as to the propriety of the counterclaim, which remains a matter for the trial court.

The appeals must be dismissed and the cause remanded to the circuit court for further proceedings.

REINHARD and SNYDER, JJ., concur.